SAMUEL G. BRACKETT, Administrator of WILLIAM CUSHMAN, *v.* ROBERT MORSE.

*Entire contract. Dependent stipulations.*

An agreement to pasture a specified number of cattle in a particular pasture, and to give them the entire range of the pasture, is not such an entire contract, as that the plaintiff will be precluded from a recovery for the pasturing, to the extent of the actual benefit received by the defendant, by proof that the plaintiff suffered the fences to remain in so poor condition, that other cattle broke in and consumed the grass, so that it was insufficient to sustain the whole number contracted for, and thereby the defendant was compelled to withdraw a portion of his cattle and pasture them elsewhere.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor appointed, who reported the facts substantially as follows.

In the spring of 1847 the defendant agreed with the plaintiff's intestate, Cushman, for the pasturage of thirty young cattle through the grazing season of that year, in a particular pasture in Waterford belonging to Cushman, which pasture was capable of well sustaining the thirty cattle, and of which the defendant was to have the entire range. The defendant kept the thirty cattle in the pasture from the 22d of May to the 27th of June, when, in consequence of the lot being depastured by sheep belonging to neighboring farmers, interfering to some extent with the proper allowance of the cattle of the defendant, sixteen of the cattle were withdrawn by the defendant and pastured elsewhere. From the 27th of June to the third of August but fourteen of the cattle remained in the pasture, and then, in consequence of assurances given by Cushman, that the fence should be repaired and the sheep kept out, the sixteen cattle previously taken out were returned, and the whole thirty remained there until the twenty third of August, when, the sheep continuing to feed in the pasture, the defendant sent a man from Newbury and took out fifteen of the cattle and drove them to Newbury; and the remaining fifteen were left in the pasture during the residue of the season. The cattle which were kept in the pasture were well pastured and throve well; but if the whole thirty had been kept in the pasture through the season, the injury from the sheep to the herbage would have rendered it insufficient for their good keeping. The pasturing of the cattle that were kept in the pasture was worth $47,57, and the defendant sustained damages, in taking out his cattle, turning them back, sending from Newbury, &c., to the amount of $15,00. And the auditor referred to the court the question, whether judgment should be rendered for the defendant upon these facts, or whether judgment should be rendered for the plaintiff for the value of the pasturing, after deducting the actual damage sustained by the defendant,—which would leave a balance due to the plaintiff, with the interest, of $38,76.

The county court, December Term, 1850,—Poland, J., presiding,—accepted the report and rendered judgment for the plaintiff thereon. Exceptions by defendant.

*J. D. Stoddard* for defendant.

The agreement of the plaintiff to secure to the defendant's thirty head of cattle the exclusive range of the pasture during the grazing season of that year is entire in its terms, and not divisible in point of compensation, so as to enable the plaintiff to recover upon a *quantum meruit.* The plaintiff promised to secure to the defendant's use the entire pasture for the entire season, without intrusion from sheep or other animals. The defendant, in consideration thereof, agreed to pay for the exclusive use of the same the customary price of pasturing thirty young cattle the entire pasturing season. The promise on both sides goes to the whole consideration. A performance of the agreement on the part of the plaintiff, according to its legal construction, or a legal excuse for its failure, is indispensable. The plaintiff has shown no excuse for the breach of his contract. The case is not like those, where work has been executed imperfectly, or varying from the terms of the contract, and the party has been allowed to recover for the benefit actually conferred. In those cases two ingredients are required, which are entirely wanting here,—an honest effort and purpose on the one side, and an acquiescence and acceptance on the other. *Ripley* v. *Chipman,* 13 Vt. 268. Nor was it like the case of *Booth* v. *Tyson,* 15 Vt. 515, and *Gilman et al.* v. *Hall,* 11 Vt: 510. It does not appear, that there was any stipulation, by which the compensation to the plaintiff for the use of his pasture was to be estimated by the head per week, and no such rule can be legitimately adopted from the geneal understanding, as no such custom was shown on trial. *St. Albans Steam Boat Co.* v. *Wilkins,* 8 Vt. 54.

*S. W. Slade* for plaintiff.

The performance of the promise by the plaintiff, that the defendant should have the entire range of the pasture, was not a condition precedent to the right to recover for pasturing under the contract, but was an independent covenant, and one upon which the defendant might have sustained an action for damages. 1 Chit. Pl. 353. If the defendant would treat this stipulation as a condition precedent, when the plaintiff failed to fulfill his part, according to the terms, he should have rescinded the contract; but instead of that he continued to accept and use all the pasturing he could make avail-

Brackett, Adm'r, v. Morse.

able and profitable to him during the entire term. It is well settled, that when the plaintiff's covenant constitutes only a part of the consideration of the defendant's contract, and the defendant has actually received a partial benefit, an action may be sustained for what the defendant has received. Chit. on Cont. 276. 1 Chit. Pl. 355. 7 Pick. 181. 8 Pick. 178. The same principle is involved in this case, which was settled in *Dyer* v. *Jones*, 8 Vt. 203, and *Gilman* v. *Hall*, 11 Vt. 510.

The opinion of the court was delivered by

REDFIELD, J. The only question in the present case is, whether, upon a contract to pasture a given number of cattle, in a particular pasture, giving them the entire range of the pasture, and then suffering the fences to remain so poor, that the neighboring cattle broke in and eat up the feed, so that it was insufficient to sustain the whole number contracted for, the defendant having pastured a portion of the number, the plaintiff is precluded from any recovery whatever. We think he is not. This is a failure in the contract, which is not wanton, and is easily compensated by way of damages. And stipulations on the part of the plaintiff are never held as conditions precedent, so as to preclude a recovery for beneficial service rendered the defendant, unless in contracts for work, by the term, when the abandonment has been altogether without excuse. Such stipulations are always regarded as independent, whenever, as in the present case, they can be fairly compensated by damages deducted from the actual benefit received. In other words, the plaintiff is allowed to recover according to the actual benefit received by the defendant and not the market value of the service, or commodity, received by the defendant. The judgment below seems to have been according to this rule, and is therefore affirmed.