### ISAAC H. MORRISON *v.* BENJAMIN CUMMINGS.

*Contract. Damages. Quantum Meruit.*

M. under a special contract, undertook to construct a certain number of charcoal kilns for C., but did not construct the same strictly according to the terms of the contract, though his labor was of some benefit to C.; under these facts, M. may recover on *quantum meruit,* as much as his labor is worth to C., unless C. does something, amounting to an acceptance of the work, or to a waiver of his claim for a deduction.

A mere use of the kilns without objection, where the defect is not apparent, but one that could only be discovered by use, will not amount to such acceptance of the work, or waiver of his claim for a deduction.

So also, a part payment, for the labor of M., can only be regarded as an acquiescence, to that extent.

BOOK ACCOUNT. Judgment to account was rendered in the

Morrison *v.* Cummings.

county court, and an auditor was appointed, who reported substantially the following facts:

That plaintiff presented his account of which the following is a copy:

" 1849, Nov. 1, To building four charcoal kilns, in Orford, N. H. as per agreement, $238,70 "

The defendant also presented an account against the plaintiff, amounting to the sum of $180,41, which was found correct, and allowed as charged.

As to the plaintiff's account the auditor found, that said kilns were built in pursuance of a written agreement.

That in consequence of bad masonry, two of said kilns leaked badly, and neither of them were air tight as specified in said agreement; that the damage to the defendant resulting from the defects and insufficiency of said kilns is equal to the amount now claimed by the plaintiff to be due from the defendant on said contract.

And the auditor found, that there was nothing due from either party to balance accounts between them.

The auditor also further found and reported, that plaintiff commenced building said kilns, October first, 1849, and finished them October 30th, the same year.

That the plaintiff, the day he finished said kilns, commenced a suit against the defendant on his contract, returnable to the Spring Term, of Grafton county court, in N. H.; that in April, 1850, the plaintiff saw the defendant and told him, that had he known his circumstances, he should not have commenced said suit, and that he had withdrawn the same, free from expense to the defendant, and at the same time requested the defendant to pay the laborers employed in building said kilns, as fast as he was able; that the defendant agreed so to do, and has paid some of the laborers since that time.

That no conversation was ever had between said parties, as to whether said kilns were built according to the contract or not, they having never seen each other since the kilns were completed, except as before stated in April, 1850. That the parties resided about fifteen miles from each other, till late in the fall of 1850, when the plaintiff left the state, and has not since returned.

That the defendant soon after said kilns were built, tested them

ORANGE COUNTY.

Morrison v. Cummings.

by burning wood in them, and though they were not according to the contract, defendant has continued to use them ever since.

The auditor submitted to the court, whether from the facts found there was such an acceptance by the defendant of said kilns, as would preclude him from claiming a deduction from the price specified in said contract for building the same; and if the court should be of the opinion that there had been such an acceptance, then the auditor found for plaintiff to recover $ —— &c.

The County Court, June Term, 1853,—COLLAMER, J., presiding,—accepted the report of the auditor, and rendered judgment thereon for the defendant to recover his costs.

Exceptions by plaintiff.

*Lund & Morris* and *R. McK. Ormsby* for plaintiff.

The report finds, that the work was done for the defendant under a written contract.

That as to the time and extent of the performance of the work, it had been done in accordance with the contract; and that the insufficiency was occasioned by the manner in which the work was done. That defendant soon after the kilns were built tested them, and has ever since used them without objecting to their insufficiency; and that in April, 1850, the defendant saw plaintiff, and agreed as fast as he was able, to pay plaintiff's laborers, towards the price of said work, and in pursuance thereof, has from time to time made payments, &c.

The law in such cases is, that after an acceptance of the thing, and long acquiescence, until a controversy arises about the pay, the parties cannot then be thrown back to test the thing *de novo*; but will be held to their own construction of their contracts, as evidenced by their acts at the time of performance. *Austin* v. *Wheeler*, 16 Vt. 95. *Wilkins* v. *Stevens*, 8 Vt. 214.

In this case, there was no part of the work left unperformed.

And where work to be done in a particular manner is accepted and reduced to use by the party for whom it is done, though not executed in the manner stipulated, he cannot insist upon the deficiency as a non-performance of a conditional precedent in an action against him for the price; all that he can claim is a reduction for the part left unperformed. The party in such case is deemed to have waived the condition. *Vanderbilt* v. *Eagle Iron Works*, 25

Wend. 665. It was the duty of the defendant as soon as he had tested the kilns, to have made known their imperfections to the plaintiff, that he could remedy them ; and his silence and acquiescence, until the very last moment in the trial of this suit, should preclude him from claiming a reduction as damages.

The auditor finds, and the county court has allowed the defendant *damages* in offset to plaintiff's claim ; he should have found what plaintiff's services were reasonably worth, taking into consideration the failure to perform the contract according to its terms. A trifling sum might have cured the defect in the kilns, and yet, by imprudent use of them, defendant may have been put to damages more than their original cost. The report finds, that the kilns were built at a stipulated price and accepted; and has not found that the labor of the plaintiff was worth less to defendant, laying all contract aside, than the sum agreed upon.

*S. Austin* for defendant.

The plaintiff charges the defendant with the building of four charcoal kilns. The work was to be done in pursuance of a special contract signed by the parties.

The auditor finds, that the work was not done according to the stipulations of the contract in point of quality ; and that the failure of the plaintiff to perform, the contract was as much damage to the defendant as there might have been due the plaintiff, by the terms of the contract, had the work been done according to the stipulations thereof.

This we think correct, and as was decided in *Dyer* v. *Jones*, 8 Vt. 205. The case stands precisely, in our view, as it would if nothing had been paid by the defendant. In that case the plaintiff would recover what he deserved for his labor, deducting the damage to the defendant, for the non-fulfillment of the plaintiff's contract

This was done in effect and principle by the auditor. 11 Vt. 510. *Booth* v. *Tyson*, 15 Vt. 515.

The case of *Austin* v. *Wheeler*, 16 Vt. 95, is not like this case ; there is no analogy between them. 1. Because the work was to be done and the kilns to be built in such a manner as that they could be tested by use, as found by the auditor. 2. The defendant was placed in such circumstances, that he was obliged to use them, in

XXVI          32

order to find the fact whether the kilns were built according to the plaintiff's contract.

If any objection is made to the time of the use being construed into acquiescence, we answer ; the plaintiff left the country soon after the conversation in April 1850, and that of course is a sufficient excuse for the defendant to remain silent till the plaintiff undertakes to assert a farther claim under the contract.

The opinion of the court .was delivered by

REDFIELD, Ch. J.   I.   The deduction which the auditor and county court made in the allowance for the plaintiff's work seems to us well justified, by the decided cases.   That the plaintiff if he had not fully performed the contract, on his part, could at most recover, what the service was worth to the defendant, is well settled by the case of *Dyer* v. *Jones*, 8 Vt. 205, and the subsequent cases, which have followed the principles of that case.   The deduction made, was then properly made, unless the defendant did something amounting to a waiver of claim, for this deduction, or an acceptance of the work.

II.   We think nothing appears in the case to show that, fully. The mere use of the kilns, without objection could not amount to this, inasmuch, as this was not an apparent defect, but only one to be discovered, by use, or by tests.   After that, the parties did not meet, until the plaintiff had brought a suit, in New Hampshire for the work, for which he acknowledged regret, and a willingness to make amends, by withdrawing it.   Nothing passed then which ought fairly to be construed as a waiver of all claims, for damages, for the non-performance of the work.   And after that, the parties did not meet before the account fell into the hands of an attorney for collection.   The payment made to the attorney could, at most, be regarded as an acquiescence, to that extent.   He had a right then to be silent.

We do not understand, by the auditor's report, that he has allowed damages, by way of deduction, from the amount of the charge, beyond the amount of its original deficiency.   We understand it to be a form of expression to show, that the work was as much less valuable at the time it was done by plaintiff, than it would have been, if done according to the contract, as all that is now apparently due.

And the fact that these kilns were upon the defendant's land, where he must of necessity keep them, and at least, pay their value, makes the use of them, less a constructive acceptance of them, than if they could have been altogether repudiated.

Judgment affirmed.