## HENRY S. SWIFT *v.* FREDERICK HARRIMAN.

### *Pleading. Practice. Reference. Contract.*

The objection, that a plea in offset was not filed within the time prescribed by the rules of court, is waived by a subsequent reference of the case, and its hearing by the referee.

The defendant contracted with the plaintiff to run the latter's saw mill for one year, and do the work in a good workmanlike manner, and was to receive a stipulated price per thousand feet for sawing the lumber, and was to take his pay out of the money received by him for sawing. He did not do the work in a good workmanlike manner, and before the expiration of the year the plaintiff dismissed him from the charge of the mill, and brought an action against him for the breach of the contract. The defendant offered a claim in offset for his labor and earnings while he had charge of the mill.

*Held,* that this was not the case of the mere hiring of a servant by the plaintiff for a specific time, and his discharge for good cause; nor that of an entire contract on the part of the defendant, upon the *complete* performance of which his right to recover anything would depend; but that the defendant was entitled to recover upon his plea in offset, for the beneficial value of his services to the plaintiff, from which sum was deducted the damages to the latter by reason of the defendant's breach of the contract.

ASSUMPSIT for the breach of a contract by the defendant, to carry on the plaintiff's saw mill. The defendant filed a plea in offset, but this plea was not filed so early as was required by the rules of the court where the cause was tried. After this plea was filed, and before any objections had been made to it by the plaintiff, the cause was referred by the consent of the parties, and tried by the referees, and at the hearing before them the plaintiff objected to the defendant's demand in offset, among other reasons, upon the ground that the plea in offset was not filed in season. The referees, however, considered the defendant's claim in offset, which was for his labor and earnings during the time he carried on the mill, and reported the facts in the case, which are sufficiently set forth in the opinion of the court. They found that the plaintiff was entitled to recover of the defendant fifteen dollars for the breach of the contract declared on, and that the defendant was entitled to recover of the plaintiff, upon his claim in offset, the sum of thirty-two dollars and ninety-two cents, and they accordingly reported that the defendant recover of the plaintiff seventeen dollars and ninety-two cents (being the difference between the defendant's claim above stated,

and the plaintiff's damages by reason of the breach of the contract), and costs.

The county court rendered judgment for the defendant upon the report, to which the plaintiff excepted.

*A. M. Dickey,* for the plaintiff.

——————, for the defendant.

The opinion of the court was delivered by

ALDIS, J.   The question whether the plea in offset was filed within the time prescribed by the rules of court, can not properly be raised after a reference of the case, and a hearing before the referees.   Even if out of time, the court might have suspended the rule and admitted the plea.   The objection must be held as waived by the reference.

The contract between the plaintiff and the defendant, as stated in the report, was this : a verbal contract by which the defendant was to carry on the plaintiff's saw mill for one year, make all repairs costing one dollar or less at any one time, run the mill all the time from the 1st of March to the 1st of May, and from the fall till the 1st of March, 1854, and between the first of May and fall, when there was water enough, and do all the work in a good workman-like manner, and to receive fifty cents per thousand for soft lumber sawed, and one-third of the hard lumber for sawing the same, and to take his pay out of the money received for sawing, and out of the hard lumber.

In September, 1853, the plaintiff dismissed the defendant from the charge of the mill, on the ground that he did not do the work in a good workmanlike manner, and the defendant left.   The referees find that the defendant did not do his work in a good workmanlike manner, and as this suit is brought to recover the damages occasioned to the plaintiff by such breach of the contract, the referees assess such damages at the sum of fifteen dollars.

The defendant pleads in offset his claim for the balance due him for his labor and earnings during the time he carried on the mill.

The plaintiff objects to any allowance to the defendant for such earnings, upon the ground that the contract was the mere hiring of a servant for a specific period of time, and that he was discharged for good cause.

Swift *v.* Harriman.

The contract in this case we can not deem the mere hiring of a servant. It was an agreement of a different character, in which the defendant assumed liabilities for repairs of the mill, had a share in its profits, and in fact, was put in possession of, and had, to some extent, an interest in real estate. He was not to receive any fixed sum as wages, but was to have a proportion of the profits of the business he carried on. It was a contract for the control and carrying on of a mill for a year.

Similar contracts are frequently made as to the carrying on of farms on shares. In such cases, the contracts have never been held mere agreements by the tenants to labor as hired servants.

Neither does it belong to that class of contracts where the stipulations are intended to be a condition precedent, and there can be no recovery without a complete performance. The agreement on the part of the defendant was not for such an entire thing that the whole must be done before he would be entitled to recover; on the contrary, the terms of the contract show that both parties intended the defendant should take his pay out of the earnings of the mill as they accrued.

This case seems to come within the reason of those cases, of which there are many in our reports, where upon equitable considerations growing out of the contract and its part performance, a recovery for the real beneficial value of the labor has been allowed.

The defendant's labor was beneficial to the plaintiff. Compensation to the plaintiff for what he suffered from the breach of contract by the defendant was easily to be ascertained, has been assessed, and can be deducted from the beneficial value to the plaintiff of the defendant's labor.

It would be highly unjust for the plaintiff to take advantage of the defendant's failure to perform some one particular in his contract, so as not only to put an end to the contract, but to put all the earnings of the defendant into his own pocket, and deprive the defendant of any compensation for his work.

The decisions in *Jones* v. *Dyer,* 8 Vt. 203; *Gilman* v. *Hall,* 11 Vt. 510; *Bracket* v. *Moore,* 23 Vt. 554; and *Morrison* v. *Cummings,* 26 Vt. 486, establish the right of the party to recover on a *quantum meruit,* in cases where compensation can be made, and the stipulations are not intended as a condition precedent.

The judgment of the county court is affirmed.