WALTER BATCHELDER *vs.* ABBIE A. HUTCHINSON & another.
DANIEL S. SIMPSON *vs.* SAME.

Suffolk.    March 7, 1894. — May 29, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Mechanic's Lien — Person acting for Owner — Amendment after Hearing on the Facts — Meaning of "Contract" in Statute — Insufficient Certificate — Subscribing and Swearing to Statement — Ratification — Rights of Mortgagee under previous Mortgages — Application of Payments by Petitioner — Work done upon Extension over Owner's Line.*

If a petition alleges that work for which a mechanic's lien is claimed was done under a contract with E., and that the owner of the land is A., and contains no allegation that E. was acting for A. in making the contract, or that he had any authority under which a lien could be created, the petition is defective; but if, on the case being tried as if the petition had been in proper form, it is proved that when the contract was made one M. owned the property and that E. was authorized by him to make the contract, the petitioner may amend his petition,

and make the necessary allegations in accordance with the facts, on such terms as the Superior Court may prescribe, and the lien may then be established in accordance with the findings of the justice who heard the case.

The word "contract," in Pub. Sts. c. 191, § 5, where it is provided that "the lien shall not avail or be of force against a mortgage actually existing and duly recorded prior to the date of the contract under which the lien is claimed," includes not only formal bilateral contracts, oral or written, but also contracts created by an agreement on one side and action under it on the other side, such as to bring the parties into a contractual relation before the mortgage is recorded ; and when a contract exists, the lien for all work done under it relates back to the time when the contract first became binding, and the making of a mortgage after an agreement has become binding as a contract does not affect the right to have a lien for work afterward done under the contract; but if the arrangement is binding only from day to day, and the petitioner ceases to work for two months, during which the mortgage is made and recorded, and he resumes work in the following month under an arrangement similar to the former one, he has a lien which cannot be enforced against the mortgagee, but only against the owner subject to the rights of the mortgagee.

The objection that a certificate, filed under Pub. Sts. c. 191, is insufficient, is, so far as the interest of the mortgagee is concerned, rendered immaterial by the fact that no lien can be enforced against him for other reasons; but the imperfections will not defeat the claim of the petitioner against the owner, as provided in § 8 of that chapter.

By Pub. Sts. c. 191, § 6, the statement filed in the registry may be subscribed and sworn to by some one in behalf of the claimant as well as by the claimant himself, and a ratification of such a signing is equivalent to an original authority.

On the trial of a petition to establish a mechanic's lien under Pub. Sts. c. 191, evidence that a mortgage claimed to have preference to the lien under § 5 of that chapter was given to secure the payment of money used in paying previously existing mortgages is rightly excluded, as the mortgagee in taking his mortgage acquires no rights under previous mortgages subsequently discharged.

At the trial of a petition to establish a mechanic's lien under Pub. Sts. c. 191, findings in regard to the proper application of payments by the petitioner, first to the materials furnished, and afterwards to the labor, will not be disturbed by this court, if warranted by the evidence.

At the trial of a petition to establish a mechanic's lien, the respondent contended that no lien could be established because a portion of the building extended over the line of the land described in the petition upon land of an adjoining owner. The judge found the value of the work done by the petitioner upon the extension of the building over the line, and upon that part standing on the land described in the petition. The dimensions of the building were before the court, and an estimate was made by an expert witness who knew all the facts. It also appeared that there was conflicting evidence as to the mason work done upon each of the parts of the building, the particulars of which were not reported. *Held*, that it was fair to infer that these particulars may have been of assistance to the judge in applying the other evidence, and that it could not be said that there was no evidence to warrant the finding that the lien should be sustained for the work done upon that part of the building standing on the land described in the petition.

Two PETITIONS, under Pub. Sts. c. 191, to enforce mechanic's liens against the respondent Abbie A. Hutchinson, the first for

labor and materials, and the second for labor furnished in the alteration and making over of her house. The Workingmen's Co-operative Bank of Boston appeared, and " claiming an interest in the premises described in said petition as mortgagee," denied the allegations of the petition, and denied that the petitioners had a valid lien upon the premises as against the bank, and that they had complied with the provisions of the statutes relative to mechanic's liens so as to enable them to maintain the liens or enforce them.

Trial in the Superior Court, without a jury, before *Maynard*, J., who found for the petitioners, and reported the cases for the determination of this court, reserving to the mortgagee, in addition to the questions arising upon the rulings, the right to argue, where evidence was reported, that there was no evidence sufficient to warrant the findings upon the points involved in such evidence. The material facts appear in the opinion.

*W. M. Noble*, for the Workingmen's Co-operative Bank.

*H. L. Whittlesey*, for the petitioners.

KNOWLTON, J. These are petitions to enforce liens of mechanics under Pub. Sts. c. 191, and the first question presented by the report is whether the petition of Batchelder is sufficient in form. At the beginning of the trial it was stipulated by the parties that questions of law raised upon the record might be considered by the court as if raised by a demurrer duly filed. The petition of Batchelder alleges that the work for which the lien is claimed was done under a contract with Eben Hutchinson, and that the owner of the land is Abbie A. Hutchinson. It contains no allegation that Eben Hutchinson was acting for the owner in making the contract, or that he had any authority under which a lien could be created. Proof of all the allegations contained in it would not show the existence of a lien, and we are of opinion that, as against the respondent's objection, seasonably taken, the petition is fatally defective.

It was proved that when the contract was made one Mary R. Munroe owned the property,* and that Eben Hutchinson was

---

* Mary R. Munroe afterwards conveyed to Abbie A. Hutchinson, covenanting that the premises were free from all encumbrances except the mortgage to the Workingmen's Co-operative Bank, so that at the time when the petitioners filed their claims Abbie A. Hutchinson was the owner of the premises.

authorized by her to make the contract. The case was fully tried as if the petition had been in proper form, and we are of opinion that the petitioner should now be permitted to amend his petition, and make the necessary allegations in accordance with the facts, on such terms as the Superior Court may prescribe, and that, upon the making of such an amendment, the lien should be established in accordance with the findings of the justice who heard the case.

It was contended by the mortgagee that the contract alleged was not sufficiently precise, certain, and definite to be the foundation of a lien which would take precedence of the mortgage. The allegation is that Batchelder was requested by Eben Hutchinson to perform and furnish labor and furnish materials to make over a certain house, for which he was to be paid what the labor and materials were worth, and that in consideration of the request and promise he performed and furnished labor and furnished materials. It appears that the request was made and the work begun more than six months before the mortgage was executed. Under the arrangement made between him and Eben Hutchinson he was acting continuously in performing and furnishing labor, both before and after the mortgage was made, during all the time covered by his account. There is no doubt that all the work would be held to have been done under one contract for the purpose of determining the time within which the certificate should be filed in the registry of deeds to preserve the lien. There was but a single hiring of the petitioner, by the terms of which he was to work on the house, and do as much as his employer wanted him to do, and receive a reasonable compensation. The employer might have terminated this contract at any time, as perhaps the petitioner himself might have done ; but both continued acting under it until the changes were completed. By Pub. Sts. c. 191, § 1, the lien is given to one who has worked upon a building " by virtue of an agreement with or by consent of the owner of such building or structure, or of any person having authority from, or rightfully acting for, such owner in procuring " the labor. Section 5 is as follows: " The lien shall not avail or be of force against a mortgage actually existing and duly recorded prior to the date of the contract under which the lien is claimed." We are of opinion that the

word " contract " in this section includes not only formal bilateral contracts, oral or written, but also contracts created by an agreement on one side and action under it on the other side, such as to bring the parties into a contractual relation before the mortgage is recorded.  When a contract exists, the lien for all work done under it relates back to the time when the contract first became binding.  The making of a mortgage after an agreement has become binding as a contract does not affect the right to have a lien for work afterward done under the contract.  A workman who has commenced work under a contract is not required by the statute to watch the registry of deeds to see whether a mortgage or other conveyance has been made.  If there is a change of title, and he is permitted afterwards to continue on working under his contract, he is entitled to the benefit of the statute.  *Dunklee* v. *Crane*, 103 Mass. 470.  *Gale* v. *Blaikie*, 126 Mass. 274.  *Amidon* v. *Benjamin*, 126 Mass. 276.

In *Manchester* v. *Searle*, 121 Mass. 418, nothing was done on the house by the petitioner until after the mortgage had been made and recorded, and the court held that the arrangement between the parties and the owner was not a contract within the meaning of the statute.  There were other facts in the case which indicated that there was no valid lien, but the decision was made on the ground that there was no contract.  Mr. Justice Lord says in the opinion :  " An agreement to do what is necessary to be done, for a fair price, when such necessity is to be determined by the owner, the work of which is not commenced until after the alienation of the building, is not a contract such as is contemplated by the statute. . . . It was the ordinary case of a mechanic, before entering upon labor for another, agreeing that he would thereafter do such work as the employer wished to have done."  The court treated the arrangement as too indefinite and uncertain to be binding upon either party before the work was begun, and held that when the mortgage was made no contract had been entered into.  If the petitioner had begun work under the arrangement, the decision might have been different.  The later case of *Wilson* v. *Sleeper*, 131 Mass. 177, holds that such an agreement when acted upon is a sufficiently definite contract under the statute.  In the present case it had been acted upon a long time before the making of the mortgage.

In the case of Batchelder we are therefore of opinion that this objection is not well taken.

In the case of Simpson the facts are different.   He was working by the day under an arrangement which was binding upon the parties only from day to day, so long as they continued to act under it.   In December, 1891, he was drawn as a juror, and served in that capacity through the following January and February.   The mortgage was made and recorded on February 2, 1892.   In March he began to work again on the building. When he gave up his work in December, there was no contract between him and Hutchinson for any future service, and his work done afterwards was under a new arrangement similar to the former one.   It cannot be held that it was under a contract existing when the mortgage was made.   We are therefore of opinion that he has no lien which can be enforced against the mortgagee.   For labor performed under this last employment he has a lien upon the property as against Abbie A. Hutchinson; subject to the rights of the mortgagee.   Pub. Sts. c. 191, § 36.

It was objected by the mortgagee that the certificate filed by Simpson was insufficient.   So far as the interest of the mortgagee is concerned, this objection is now immaterial.   In reference to the present owner, who was defaulted, it may be said that the imperfections of the certificate will not defeat the claim of the petitioner.   Pub. Sts. c. 191, § 8.

By the express provisions of the statute the statement filed in the registry may be subscribed and sworn to by some one in behalf of the claimant as well as by the claimant himself.   Pub. Sts. c. 191, § 6.   A ratification of such a signing is equivalent to an original authority.

The evidence that the mortgage was given to secure the payment of money which was used in paying previously existing mortgages was rightly excluded.   The mortgagee in taking its mortgage acquired no rights under the previous mortgages which were subsequently discharged.

The findings in regard to the proper application of payments by Batchelder, first to the materials furnished, and afterwards to the labor, were warranted by the evidence.*

---

* It appeared that Eben Hutchinson had, during the progress of the work, paid various sums of money at various times to the petitioner Batch-

The respondent corporation contended that no lien could be established in either case because a portion of the building extended over the line of the land described in the petition upon land of an adjoining owner.    This contention would be correct if there were no evidence to show the amount due for the labor performed upon that part of the building which stands upon the land of the respondent, but the judge found the value of the work done by each petitioner upon the extension of the building over the line, and upon that part standing on the land described in the petition.    If there was evidence to warrant the finding, we are of opinion that the lien should be sustained for the work done upon this part of the building.    *Stevens* v. *Lincoln*, 114 Mass. 476, 478.    The evidence reported upon this part of the case is meagre, but the dimensions of the L were before the court, and an estimate was made by an intelligent expert witness who knew all the facts ; moreover, it appears that there was much conflicting evidence in regard to the mason work done upon each of these parts of the building, the particulars of which are not reported.    It is fair to infer that these may have been of assistance to the judge in applying the other evidence and in making his finding.    We cannot say that there was no evidence on which the finding could be made.

If the petition of Batchelder is amended so as to state the essential facts correctly, the lien in his favor should be established in accordance with the findings of the judge.    The lien of Simpson should be established against the equity of redemption owned by Abbie A. Hutchinson, but not against the title of the mortgagee.                                        *So ordered.*

---

elder; that he had also paid for some bills and materials himself; that the total sum so paid to the petitioner was $1,524.70 ; that the petitioner had furnished materials to the amount of $652.60, and that this amount he had deducted from the total sum paid him by Hutchinson, and the balance, $872.10, he had applied to the credit of charges of labor.    Batchelder testified that he had an understanding with Hutchinson as to what job he should credit money which was paid him specially by Hutchinson; that the understanding was that Hutchinson should give him money to buy stock with; that he did not always so do, but sometimes gave him money afterwards to pay for it, and when he got short of money he told Hutchinson that if he, the petitioner, was to carry on the labor, Hutchinson must furnish money to pay the help with, and that he did not apply the money to pay the men, but paid the bills for materials, and whatever was left he handed over to the men.