JOSEPH SAVOY & another *vs.* GEORGE A. DUDLEY
& another.

Middlesex.   January 26, 1897. — June 14, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Mechanic's Lien — Rights of Mortgagee.*

At the trial of a petition to enforce a mechanic's lien, it appeared that the petitioner was under a general contract for service with the prior contractor, and began to

work under it upon the respondent's house before a mortgage thereon was recorded; that he continued such work regularly until the house was ready for plastering, when he was ordered by his employer to work on a house on an adjacent lot and elsewhere; that on his order he returned to work on the respondent's house; and that there was nothing to indicate at any time any change in his contract in reference to the house until he finally ceased to work upon it. *Held*, that the interruption of the petitioner's work was temporary, that the work itself was done under the same contract, not only in reference to his relations to his employer, but also in reference to his relation to the building, and that his lien took precedence of the mortgage.

Two PETITIONS, to enforce mechanic's liens under Pub. Sts. c. 191. The cases were submitted to the Superior Court, and, after judgment for the petitioners, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

The case was submitted on briefs to all the justices.

*C. F. French*, for the mortgagee.

*J. L. Harvey*, for the petitioners.

KNOWLTON, J. The questions in this case are between claimants of liens for the work done in the erection of a building, and the mortgagee of the building. It is provided that a "lien shall not avail or be of force against a mortgage actually existing and duly recorded prior to the date of the contract under which the lien is claimed." Pub. Sts. c. 191, § 5. It has been decided that the contract referred to in this section is the contract of the party claiming the lien, and not the contract of a prior contractor for whom the claimant is working. *Batchelder* v. *Hutchinson*, 161 Mass. 462. *Bowen* v. *Phinney*, 162 Mass. 593. The principles stated in *Batchelder* v. *Hutchinson* are decisive of the present case. The original contract for the erection of a building would fix the date from which the lien of the original contractor would have precedence over any mortgage subsequently recorded. The rights of one of his employees in this respect would be fixed from the date when the employee contracted to work on the building. If the employee was a journeyman, hired only to work wherever his employer might put him, and the employer was building several houses at the same time, his agreement would not become a contract to work upon any particular building that would be effectual to give him a lien upon it until he was set to work on that building. It is usual for builders who are constructing several houses at the same time to change individual employees from one job to another, as the nature of the business

and the exigencies of the work from time to time make it desirable for them to do. When one is under a contract with a builder who is erecting numerous houses to work upon any house where the builder chooses at any time to put him, the contract fairly to be implied when he is set to work upon a particular house is to work upon it as much of the time as the builder chooses to keep him there until it is finished. For various causes his work may be interrupted from time to time; if he is a carpenter, it may be necessary to suspend his part of the work until the plasterers or other mechanics have done their part. He may be obliged to stop on account of illness, or the interests of his employer may make it important to transfer him temporarily to another job. In any of these cases, if there is no change in the arrangement, either expressly or by implication, and he continues to labor on the house except as from time to time he is temporarily set to work by his employer on another job, it being understood by both parties that he is under an arrangement which includes labor for that house, and which has been applied to that house by an actual performance of labor upon it, his labor on the building is all performed under one contract, and a certificate for a lien, seasonably filed after he ceases to work upon it, will cover his labor from the beginning. The labor must all have been done under one continuing contract, but it is not necessary that he should have worked continuously. If, however, his relations to the building under his contract are terminated, and he afterwards goes back to work upon it under a new contract, his lien for his later work must be founded on his new contract, and his rights as against the mortgagee will be determined by the date of the new contract.

In the present case each of the petitioners was under a general contract for service with the prior contractor, and each of them began to work under it upon the respondent's house before the mortgage was recorded. They each continued to work on this house in the regular course of their employment, until the house was ready for plastering, when they were ordered by their employer to work on a house on an adjacent lot. They also worked elsewhere, as ordered by their employer, and on his order returned to work on the respondent's house. There is nothing to indicate that at any time after they began to work

on this house there was any change in their contract in refer-
ence to the house until they finally ceased to work upon it.  The
interruption of their work seems to have been nothing more
than temporary, on account of the condition of the building or
the convenience of their employer.

We are of opinion that the fair interpretation of the agreed
facts shows that the work of each of the petitioners for which he
claims his lien was done under the same contract, not only in
reference to his relations to his employer, but also in reference
to his relation to the building on which he claims his lien.

*Judgment affirmed.*