CARROLL W. EASTON & others *vs.* WALLACE E. BROWN.

Berkshire.    November 18, 1897. — February 25, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Mortgage — Right of Precedence — Parties.*

When a contract under which the contractor claimed a lien for labor was made, a bank held a valid mortgage for a certain sum on a portion of the premises upon which the lien was claimed. This mortgage was discharged, and a new mortgage for a larger sum, of which the first sum formed a part, was taken by the bank. The land described in this mortgage was the land on which the lien was claimed. The balance of this mortgage was furnished subsequently by the bank to the mortgagor from time to time, and was largely used by him in making payments to the contractor for work and materials furnished by him under the contract. The latter had no knowledge, or reason to suppose, that the mortgage to the bank existed until more than two years after its execution. *Held,* that a ruling at the hearing on a petition by the bank to be admitted as a party, that there was no equity in favor of the bank to set up its mortgage against the lien, and that the mortgage was not entitled to precedence, was correct. *Held, also,* that the case disclosed nothing in the subsequent proceedings which tended to show that the ruling was erroneous.

The respondent in a petition to enforce a mechanic's lien duly appeared and answered, and the case was sent to an auditor, who, a year later, heard the parties for seven days and filed his report two months afterwards. When the case was ready for trial, the respondent filed a motion, and a bank which held a mort-

gage on the premises executed several months after the contract was made under which the lien was claimed filed a petition that the bank might be summoned in and admitted as a party. No reason was stated in the motion why it was not made earlier; and no evidence was offered to substantiate allegations in the petition to excuse the delay in filing it. *Held*, that it could not be ruled that the judge would have been obliged, as matter of law, to allow the bank to become a party, if that had been the question for him to pass upon.

PETITION, to enforce a mechanic's lien. At the trial in the Superior Court, before *Bishop*, J., the jury returned a verdict for the petitioners ; and the judge reported the case for the determination of this court. If a petition of the North Adams Savings Bank to be admitted as a party should have been granted, or a motion of the respondent that the bank be summoned in as a party allowed, a new trial was to be ordered; otherwise, judgment was to be entered on the verdict. The facts appear in the opinion.

*M. E. Couch,* for the North Adams Savings Bank.

*E. M. Wood & S. P. Thayer,* for the petitioners.

MORTON, J. It is expressly stated in the report that the only question presented at the hearing on the motion and petition of the respondent and savings bank respectively was whether any equity was disclosed in favor of the bank to set up its mortgage against the claim of the petitioners, and whether the mortgage took precedence of the claim of the petitioners if they should establish a lien. The court ruled that no equity was disclosed in favor of the bank, and that its mortgage did not take precedence of the claim of the petitioners. To this ruling the respondent and the savings bank excepted, and we understand that the only question presented by the report is as to its correctness. We think that it was correct.

At the hearing no evidence was offered by the respondent or the savings bank in respect to certain allegations contained in the motion and the petition, and included in brackets.\* It was

---

\* The motion alleged that, prior to the making of the contract described in the petition, the respondent went to the bank to ascertain if the bank would make a further loan on the real estate to enable the petitioner to erect the structure mentioned in the contract and petition ; that the respondent and the bank, which was the holder of a mortgage for $4,000, arranged that the bank was to lend and the respondent to borrow on a mortgage of the real estate the further sum of $16,000, the first mortgage to be discharged

admitted that when the contract under which the petitioners claimed a lien for work and labor was made in September, 1894, the savings bank held a valid mortgage for $4,000 on a portion of the premises on which the petitioners claim a lien. This mortgage, it appeared, was discharged on February 1, 1895, when a new mortgage for $20,000, of which the $4,000 formed a part, was taken by the savings bank. The land described in the mortgage is the land on which the petitioners claim a lien. The balance of the mortgage for $20,000 was to be furnished subsequently by the bank to the respondent from time to time, and was so furnished, and was largely used by him in making payments to the petitioners for work and materials furnished by them in erecting the building under their contract. It appeared that until April, 1897, the petitioners had no knowledge that the mortgage of February 1, 1895, to the savings bank existed, or reason to suppose that it existed. Upon these facts, which were substantially all of the material facts that appeared at the hearing on the motion and the petition, we think that there was no equity in favor of the savings bank to set up its mortgage

and a new one to be given for $20,000, the new mortgage to be in payment of the old mortgage and as security for the new loan; that the sum of $16,000 was to be advanced from time to time, as the work progressed on the structure, and be paid to the petitioners directly or through the respondent; that as soon as the bank had agreed to such a loan the respondent signed the contract set up in the petition; that the new mortgage was to be executed and delivered at the time of the first payment to be made on the contract to the petitioners, and was so made; and that all the sums loaned and advanced to the respondent by the bank were paid to the petitioners.

The petition, in addition to the allegations of the motion, alleged that the petitioners knew that the loan was to be made by the bank, the purpose for which it was made, and all the $16,000 was paid to and received by the petitioners from time to time as the work progressed; that the petitioners have received the whole consideration of the mortgage except the sum of $4,000, which was a prior mortgage and lien upon the premises at the time of the execution of the contract between the petitioners and the respondent; that the bank was in equity entitled to have its mortgage declared to be a prior lien upon the premises as against the alleged lien of the petitioners; that after the mortgage was executed and after the money on account of the same was advanced, the contract between the petitioners and the respondent was by parol changed and greatly modified, without the knowledge or consent of the bank; and that by the terms of the contract it was to have been completed on March 1, 1895, but was not completed until January, 1896, or later.

against the petitioners' lien, and that the mortgage was not entitled to precedence. The contract on which the petitioners relied was entered into several months before the mortgage was executed and delivered, and there was nothing to show that it was not entered into and performed by them and the respondent in entire good faith, and it is clear that as against the petitioner the savings bank had no rights under the previous mortgage for $4,000, which was discharged at the time when the mortgage for $20,000 was taken. *Batchelder* v. *Hutchinson*, 161 Mass. 462, 467. Later, in the course of the trial, it appeared from the auditor's report, which was the only evidence introduced and which neither the respondent nor the savings bank at any time filed objections to, or asked to have recommitted, or sought in any way to controvert in its findings of fact, that the work and material for which the petitioners claimed a lien had been furnished under and by virtue of the contract of September, 1894, and certain modifications thereof assented to by both parties; that the petitioners ceased to furnish labor and materials on account of the contract on January 15, 1896, and filed their certificate of lien on January 28; that the petitioners had completed their contract when they filed their certificate of lien; that the respondent duly accepted the building; and that any delay was due to the failure of the respondent to do and furnish certain things and materials which he was to do and furnish. The findings of the jury were in accordance with the findings of the auditor. The case disclosed nothing, therefore, in the subsequent proceedings which tended to show that the ruling of the court was erroneous.

The savings bank concedes that it was not entitled to notice of the petition filed by the petitioners. *Howard* v. *Robinson*, 5 Cush. 119. Assuming that the bank would have a right to be heard, it is manifest that it was bound to present its application seasonably. The petition was filed in March, 1896. The respondent duly appeared and answered. The case was sent to an auditor, who heard the parties for seven days in April, 1897, and filed his report on June 21. On June 28, when the case was ready for trial, this motion and this petition were filed. No reason was stated in the motion filed by the respondent why it was not made earlier. In the petition filed

by the bank it was said that it had learned by accident of the claim of the petitioners, and " that until recently it did not know that its mortgage was liable to be declared a second lien on said real estate, and that it has taken the first opportunity to file this petition." It does not appear that any evidence was offered to substantiate these allegations. Considering the circumstances, therefore, under which the petition of the bank was presented, we think that it could not be held that the court was obliged, as matter of law, to allow it to become a party. According to the report, we do not understand that that question was before the court, except as it was included in the question whether any equity was disclosed in favor of the bank to set up its mortgage against the petitioners, and whether the mortgage took precedence of the claim of the petitioners. As already stated, we think that the ruling of the court on that question was correct.

*Judgment for the petitioners.*