CHESTER SPRAGUE, & another *vs.* DOUGALD McDOUGALL & others.

Middlesex.   November 7, 1898. — March 1, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Account — Contract — Mortgage.*

At the trial of a petition to enforce a mechanic's lien, under Pub. Sts. c. 191, for materials furnished under a contract to furnish at defined prices all the lumber to be used in the erection of a house, the petitioner testified that the owner told him that the floor boards were not holding out; that the petitioner and the owner went to the house and measured them, and it appeared that the owner had made a mistake in his measurements in the first place, which he admitted; and that the petitioner told him to come and get the balance, which he did. This material appeared as the last two items in the account under a date four months after the first date. *Held*, that the evidence waranted a finding that these two items were for lumber furnished in accordance with the original contract.

An agreement with the owner of land, to furnish him at defined prices with all the materials of certain specified kinds to be used in the construction of a house thereon, is a contract under which a mechanic's lien, under Pub. Sts. c. 191, can be established for materials furnished after, as well as before, the recording of a mortgage of the land.

PETITION to enforce a mechanic's lien, under Pub. Sts. c. 191, for materials furnished in the erection of a house and barn on land of the respondent McDougall in Newton. Trial in the Superior Court, without a jury, before *Richardson*, J., who found for the petitioners; and the respondent mortgagees alleged exceptions. The facts appear in the opinion.

*J. Fox*, for the respondent mortgagees.

*J. H. Vahey*, for the petitioners.

BARKER, J. The exception founded on the date of the last two debits having been waived, the only question for decision is

that raised by the request for a ruling that the pleadings and evidence do not show a ground for maintaining the lien. In support of the exception the only contentions made are that the materials charged for in the last two items of the account were not furnished under the same contract with the materials charged for in the earlier items, and next that the contract under which the materials were furnished was not such a contract as would give the petitioners a lien as against a subsequent mortgagee under the provisions of Pub. Sts. c. 191, § 5.

1. The evidence justified a finding that the petitioners agreed to furnish at defined prices all the lumber for the house and barn except the materials for what the parties called " the inside finish," which the owner got at other places. The last two items charged were for floor boards and white wood.* It is natural enough that a builder should by an error of calculation order too little of any particular kind of lumber, and when the deficiency is ascertained order enough more to finish the work. Upon the evidence it was competent for the court below to find that the last two items were for lumber furnished in accordance with the original agreement between the petitioners and the owner of the land, that the former should furnish at agreed prices all the lumber for the house and barn except " the inside finish."

2. The agreement between the petitioners and the owner of the land was made on September 25, 1895. The petitioners began to furnish materials in compliance with this agreement on October 2, 1895. The owner mortgaged to the trustees who are defending on December 4, 1895, and at that time materials had been furnished by the petitioners under their agreement to the amount of $717.80. After that date further materials were furnished by the petitioners under the same agreement to the amount of only $5.70. The remaining question for decision is whether this agreement of September 25, 1895, was a contract under which a lien could be established for materials furnished

---

* In relation to these items the petitioner testified, in substance, that the owner told him that the floor boards were not holding out; that the petitioner and the owner went to the house and measured them, and it appeared that the owner had made a mistake in his measurements in the first place, which he admitted; and that the petitioner told him to come and get the balance, which he did.

after the recording of the respondents' mortgage, as well as before.

We are of opinion that the agreement was such a contract. It contemplated the sale or furnishing by the petitioners of all the materials of certain specified kinds which should be used in the construction of the house and barn, and the purchase of all those materials by the other party, at prices which were agreed upon at the outset. Looking at the purpose of the statute as to liens on buildings and lands, it is impossible to think that it is not such a contract as under Pub. Sts. c. 191, § 5, will prevail over a mortgage recorded after the date of the agreement. This view is supported by previous decisions. See *Wilson* v. *Sleeper*, 131 Mass. 177; *Batchelder* v. *Hutchinson*, 161 Mass. 462; *Dodge* v. *Hall*, 168 Mass. 435; *Buck* v. *Hall*, 170 Mass. 419. Simpson's case in *Batchelder* v. *Hutchinson, ubi supra*, differs from the present case in this, that when Simpson stopped work to serve upon a jury there was no contract between him and the owner for future services. Here there was a contract, made before the date of the mortgage, for the lumber furnished on February 3, 1896.

*Exceptions overruled.*