FRED B. TAYLOR *vs.* SPRINGFIELD LUMBER COMPANY
& another.

Hampden.     September 24, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien*, Priority.

In a suit in equity by a purchaser of land at a mortgagee's foreclosure sale against
a lumber company and a plumber who had established mechanic's liens on the
land, to restrain them from enforcing their orders of sale on the ground of the
priority of the mortgage, it appeared, that before the mortgage was executed
and delivered, the owner of the land, having already built on other land certain
houses and six room cottages for which he bought the lumber from the defend-
ant company, went to the company's yard and said he wished to buy lumber to
be used in building a six room cottage on the land in question, and that the com-
pany agreed to sell him the necessary lumber when he should want it, to be paid
for at fair market prices, the company estimating the cost of the lumber at about
$600, that on the day before the mortgage was executed and three days before
it was recorded the company had delivered under this arrangement enough lum-
ber to complete the lower floor, sills and most of the studding of the house and
six weeks later had delivered all the materials called for, and that they had been
used in the construction of the house. As to the defendant plumber, it appeared,
that the price for the plumbing for the house was agreed upon and was to include
all labor and materials, that the materials were purchased and some work done
with regard to sewer connections before the mortgage was made, and that the
actual work of putting in the plumbing was begun two weeks after the execu-
tion of the mortgage as soon as the condition of the building warranted it. *Held*,
that, assuming that it was open to the plaintiff to question the validity of the
liens in this proceeding, the foregoing facts justified a finding that there was a
contract with each of the defendants before the execution of the mortgage, and
that the defendants' liens took precedence of the mortgage.

MORTON, J. The plaintiff is the purchaser at a mortgagee's
foreclosure sale of the premises described in the bill. The de-
fendants have obtained judgments establishing mechanic's liens
on the premises for labor and materials, and decrees have been
entered ordering a sale. The plaintiff seeks to restrain the sale
on the ground that the liens are not entitled to priority over
the mortgage for the reason that the defendants " did not make
a contract for or perform or furnish any labor or . . . materials
for the erection of said building until after the execution and
recording of the mortgage under which the plaintiff holds said
property." The case was heard by a judge of the Superior

Court and the plaintiff asked him to rule that, upon the facts as agreed and found, the defendants had not established liens which took priority over the mortgage. The judge refused so to rule and " found for each of the defendants that the lien of each was prior under Section 5 of Chapter 191 of the Public Statutes to said mortgage interest of the plaintiff," ordered the bill to be dismissed, and at the request of the plaintiff reported the case to this court, — " If the rulings and findings were correct and justified by the evidence, the decree to be affirmed; otherwise, injunction to issue as prayed for by the plaintiff."

We think that the rulings were right and that the decree should be affirmed. We assume without deciding that it is open to the plaintiff to question the validity of the liens in this proceeding, but the only question of law which it seems to us the report raises is whether upon the evidence and the facts stated, the finding that contracts were entered into between Hazel and the defendants prior to the execution of the mortgage was warranted. If the contracts were entered into prior to the execution of the mortgage and the labor and materials were furnished pursuant to them, then the liens were valid liens and took precedence of the mortgage, and the finding and ruling of the court were right. The finding that the labor and materials were furnished pursuant to the contracts was a finding of fact and, therefore, as already observed the only question of law is whether the finding that the contracts were prior to the mortgage was justified.

The mortgage was executed and delivered October 19, 1899, by Hazel who was the owner of the premises, and was recorded October 21. Hazel owned the premises prior to September 1, and before that date had built other houses some of which were six room cottages and had purchased the lumber therefor of the defendant corporation. On or about September 15 he went to the yard of the defendant corporation, and said that he desired to purchase lumber to be used in the construction of a small six room cottage on the premises in question, and the defendant corporation agreed to sell him the lumber necessary for the construction of the house when he should desire the same. It was understood that it was to be paid for at fair market prices. The defendant corporation estimated that the cost of the lumber

would be about $600. By the 18th of October, which was the day before the mortgage was executed and delivered, and three days before it was recorded, the defendant corporation had delivered pursuant to this arrangement, enough lumber to complete the lower floor, sills and most of the studding, and on or before December 1 had delivered all the materials called for and the same had been used in the construction of the house. Upon this evidence and these facts the finding that there was a contract between Hazel and the defendant corporation prior to the execution of the mortgage was amply justified. The subject-matter of the contract and the price were sufficiently certain and definite, and the conduct of the parties warranted the inference that what they had in mind was not a possibility that Hazel might some time build a house, but a present arrangement in regard to a near undertaking. The circumstances in regard to the contract with the Donahue Brothers were little if any less definite and certain. The price for the plumbing for the house was agreed upon and was to include all labor and materials. The materials were purchased the last week in September and some work was done in September with regard to sewer connections and the actual work of putting in the plumbing was begun November 1 — as soon, it may be inferred, as the condition of the building warranted. We think that the finding and ruling that there was a prior lien that took precedence of the mortgage clearly was justified. *Wilson* v. *Sleeper*, 131 Mass. 177. *Batchelder* v. *Hutchinson*, 161 Mass. 462. *Savoy* v. *Dudley*, 168 Mass. 538. *Sprague* v. *McDougall*, 172 Mass. 553.

*Decree affirmed.*

*A. Webster, S. S. Taft & D. E. Tilley,* for the plaintiff, submitted the case on a brief.

*W. R. Heady,* for the Springfield Lumber Company.

*W. G. McKechnie,* for Donahue Brothers, submitted the case on a brief.