WILLIAM McMONAGLE *vs.* JAMES NOLAN & another.

A statement filed under Gen. Sts. *c.* 151, § 13, to secure a lien on a vessel for work done upon her need not show the kind or purpose of the work.

If no objection to the form of a petition for the enforcement of a lien upon a vessel is taken by demurrer or answer, a mere general objection to its sufficiency, which was overruled at the trial, will not entitle the respondent to raise specific objections thereto in this court.

At the hearing of a petition under the Gen. Sts. *c.* 151, § 15, to enforce a lien for labor upon a vessel, evidence that after the labor was performed the vessel was injured and sunk under water, lost her deck, rails, rigging and part of her hull, and was of no value as a vessel, in which condition the respondent bought her and repaired her at great expense, is inadmissible to prove that the lien was thereby lost.

PETITION for the enforcement of a lien upon the schooner Joy, under Gen. Sts. *c.* 151, for labor performed upon her.

At the trial in the superior court, before *Morton,* J., it appeared that on the 8th of June 1864 the petitioner filed in the office of the clerk of the city of Boston the following statement signed by himself: " I worked upon said vessel, as aforesaid, twenty-two days, from the twentieth day of January, A. D. 1864, to the fifteenth day of February, A. D. 1864, at three dollars and fifty cents per day, $77.00.   I have received from said George H. Green, in cash, $15.00.   Balance due, $62.00.   Leaving a balance due me of sixty-two dollars.   And 1 do further certify that the said sum of sixty-two dollars is the balance justly due me for said labor on said vessel, after deducting all just credits and I do hereby claim to hold said vessel by virtue of the statutes of the Commonwealth of Massachusetts, in such case made and provided, to secure the payment of said sum, and especially

by virtue of the 151st chapter of the General Statutes, sections 12 to 20 inclusive." This statement was annexed to a certificate showing the various matters specifically enumerated in the Gen. Sts. c. 151, § 13, but not setting forth the kind or character oi purpose of the work done by the petitioner.

The judge, against the respondents' objection, granted leave to amend the petition. The respondents still objected to the petition as insufficient, but the judge overruled the objection.

The petition was dated October 24, 1865, at which time the schooner had become the property of the respondent Nolan, a *bonâ fide* purchaser, for consideration, and without notice of the petitioner's claim. Nolan set up in his answer, and offered evidence tending to prove that, after the labor was performed, the schooner had become injured, and was sunk under water, without deck or rails or rigging of any kind, and part of her hull was gone; that he bought her in this condition for sixty dollars, and repaired her at an expense of about one thousand dollars. And he contended that at the time of his purchase she was so poor and decayed and damaged that she was of no value as a vessel, and had been abandoned, and that so much was done by him in overhauling, reconstructing and repairing her that she had lost her identity. He asked that the facts might be submitted to the jury to consider whether she had not lost her identity and character; and argued that, if it were so, and she was substantially a new vessel, the lien, if any, would not attach to her, or, at the most, for only so much as she was worth when the respondent purchased her; but the judge ruled otherwise.

The jury returned a verdict for the petitioner; and the respondent Nolan alleged exceptions.

*J. B. Richardson,* for the respondent.

*J. F. Pickering & D. C. Linscott,* for the petitioner.

FOSTER, J. The statement filed by the petitioner conforms to the requirements of Gen. Sts. c. 151, § 13.

No objection to the sufficiency of the petition was taken by demurrer or answer. And the general objection at the hearing, which pointed out no particular defects, cannot be allowed to prevail. It is expressly provided in Gen. Sts. c. 151, § 17, that

"the court may at any time allow either party to amend his pleadings as in actions at common law." Under this authority the amendment offered was properly allowed; and if any other objection to the petition had been specified, it might have been obviated in the same way.

We perceive no foundation for the objection that the identity of the vessel was destroyed, and the lien upon it, for this cause, lost.                                              *Exceptions overruled.*