ELEAZAR GOULDING *vs.* GEORGE SMITH.

An objection that a petition to enforce a mechanic's lien does not fully set out the agree-
ment of the mechanic with the owner of the building, must be taken by demurrer.

On the trial of a petition to enforce a mechanic's lien, the respondent, being a subsequent
purchaser, can be asked on cross-examination if he has *not,* because of the lien, refused
to pay for the premises.

Upon a motion to dismiss a petition to enforce a mechanic's lien because it appears by the
record that it was not filed within the required ninety days, parol evidence is admissible
to show that it was so filed.

PETITION to enforce a mechanic's lien. The petition alleged
that William H. Mills was the owner of a tract of land, and
" while such owner, entered into a contract with your petitioner
whereby your petitioner was to furnish lumber and other material
as building material to be used in the erection of a dwelling-house
which said William H. Mills was building on said land."

The petition also alleged that the last materials were furnished
June 3, 1871. It was entered at the term of the Superior Court
held on the first Monday of September, 1871, and appeared by
the record to have been filed on the regular entry day of that
term. The respondent filed a motion to dismiss the petition be-
cause it was not filed within the time prescribed by law.

Upon the hearing of this motion, the petitioner offered to
prove by parol that the petition was filed before the entry day,
and within ninety days from June 3, 1871. To the introduction

of this evidence the respondent objected, but the court admitted it, found that the petition was properly filed, and overruled the motion ; and the respondent excepted.

At the trial, before *Allen,* J., the petitioner offered evidence tending to show that he furnished the lumber specified in his statement of the account, in pursuance of the contract with Mills. To this the respondent objected that the petition did not contain any such statement of the contract, alleged to have been made between the petitioner and Mills, as was required by law, but the court overruled the objection and admitted the evidence.

The petitioner offered evidence to show that Mills sold the premises to the respondent June 5, 1871, and that the respondent paid the price with the exception of the sum of $300, for which he gave his promissory note payable in fifteen months ; and offered to show, on the respondent's cross-examination, that he had refused to pay this note, and, a short time after giving it, cautioned, by public notice, all persons from purchasing it, because it was given without consideration by reason of the petitioner's lien. The respondent objected, but the court admitted the testimony.

The respondent requested the court to direct a verdict for him on the ground that the petition did not contain any such statement of the contract alleged to have been made between the petitioner and Mills as was required by law, but the court refused so to rule. The jury returned a verdict for the petitioner, and the respondent alleged exceptions.

*R. Lund & A. J. Wright, Jr.,* for the respondent.

*L. H. Wakefield & E. W. Washburne,* for the petitioner.

DEVENS, J. The objection made to the petition in the present case is, that it does not set forth fully the contract forming the basis of the claim for the lien. The objection was not taken by demurrer ; had this been done, it would have been the duty of the respondent to have pointed out specifically the defects of which he complained. Gen. Sts. *c.* 129, § 12. He cannot wait until the trial, and then object generally that the petition does not contain any such statement of the contract as is required by law, and thus avoid showing wherein the alleged defects consist

He cannot thus deprive the petitioner of the opportunity of amending his pleading under the power given by Gen. Sts. *c.* 150, § 12. *McMonagle* v. *Nolan*, 98 Mass. 320.

In the case of *Simpson* v. *Dalrymple*, 11 Cush. 308, the objection that the contract was not fully set forth as required by law was taken by demurrer. In *Wilder* v. *French*, 9 Gray, 393, it was held that the contract alleged in the petition would not support the claim for a lien, but the attention of the court was not called to the point that the objection should have been taken by demurrer. These considerations make it unnecessary to determine whether, since the passage of Gen. Sts. *c.* 150, § 1, the same strictness in pleading should be required. This is not a case, as contended by the respondent, where judgment cannot be rendered on the petition, even if the contract be imperfectly stated. The lien having been definitely passed upon by the jury, there may be judgment.

The exception to the cross-examination of the respondent Smith as to what he had said and done about the note is not well taken. It was competent for the court to permit this examination for the purpose of showing all his relations to the case.

The exception to the order of the judge disallowing the motion to dismiss must also be overruled. The petitioner, by bringing his petition to the clerk's office and placing it there in the hands of the clerk to be filed, had done all that was necessary on his part. He had filed the petition within the meaning of the law. It was the duty of the judge presiding in the court where the cause was pending to ascertain when this was done. The evidence admitted by him for this purpose was competent, and his decision thereon is final. *Exceptions overruled.*