GEORGE W. GALE & another *vs.* LUTHER BLAIKIE & another.

Middlesex. Jan. 8, 1878. — Feb. 28, 1879. AMES & LORD, JJ., absent.

If a mechanic's lien has attached for materials furnished, under a contract with the owner of a building, it is not defeated by a conveyance by the owner, while the contract is being performed, of the premises on which the lien is claimed; and the statement of lien is properly filed within thirty days after the last materials are furnished under the contract with the owner.

PETITION to enforce a mechanic's lien for materials furnished in the erection of a house in Cambridge. Trial in the Superior Court, without a jury, before *Rockwell*, J., who ruled, as matter of law, that the petition could not be maintained; and the petitioners alleged exceptions. The facts appear in the opinion.

*G. F. Piper*, for the petitioners.

*J. W. Hammond*, for the respondents.

ENDICOTT, J. The petitioners made a contract with the respondent Blaikie to furnish all the lumber required in the erection of a house on land of which Blaikie was the owner; and, in pursuance thereof, actually furnished, between December 21, 1875, and June 20, 1876, the lumber called for by the contract, all of which was used in building the house. A statement in proper form was filed in the clerk's office within thirty days after all the lumber was delivered. In February 1876, Blaikie

conveyed the premises to the respondent Gooch by a deed duly recorded three days afterwards. Of this deed the petitioner had no actual notice, but continued to furnish the lumber to Blaikie, who remained in possession of the premises.

As Blaikie was the owner of the land when the contract was made, and when the petitioner began to furnish the lumber actually used in constructing the house, the lien attached as of the time the contract was entered into. It comes within the statute, which provides that a person, to whom a debt is due for materials furnished and actually used in the erection of a building, by virtue of a contract with the owner of the land on which the building is to be erected, shall have a lien on the land and building. Gen. Sts. *c.* 150, § 1. The lien, having once attached, continues until all the materials called for by the contract and used in the construction are furnished, and may be enforced, if the person to whom the debt is due has filed a proper statement, as required by § 5. There is no provision of the statutes by which a lien thus created may be dissolved or destroyed by a subsequent conveyance made while the building is in process of erection.

The respondents contend that there is no lien for lumber furnished after the deed to Gooch was recorded, because Gooch was then the owner and did not purchase the materials and did not receive any notice that a lien was to be claimed, as required by § 2; and also that there is no lien for lumber furnished before the recording of the deed, because no statement was filed within thirty days of that time, as required by § 5. But this is not the true construction of the statute. The second section, as amended by the St. of 1872, *c.* 318, § 3, applies only to those cases where at the time of the contract the party making the purchase is not the owner of the land; in such a case the statute provides that "such lien for materials furnished shall not attach" without notice to the owner, by the party furnishing, that he intends to claim a lien. The language relates to the attacking or inception of the lien, and defines the rights of the owner who is not a party to the contract by virtue of which a lien may be created; but it has no application to the rights of one who becomes the owner after the lien has attached and work under the contract has been begun. The case at bar does not fall

within the rule laid down in *Hayes* v. *Fessenden*, 106 Mass. 228. *Corbett* v. *Greenlaw*, 117 Mass. 167, 175.

Whether Gooch, after the recording of his deed, could have prevented the attachment of a lien for materials not then furnished, under the petitioners' contract with Blaikie, by giving notice to the petitioners that he would not be responsible therefor, as provided in § 4, we are not called upon to decide. He gave no such notice, but allowed Blaikie to remain in possession, and the materials furnished by the petitioner were used in the construction of his building, and enhanced the value of his property.

Our conclusion is, that, upon the facts stated, the lien was not affected by the conveyance, and that the statement was properly filed within thirty days after the last materials were delivered. See *Dunklee* v. *Crane*, 103 Mass. 470.

*Exceptions sustained.*