THOMAS BROSNAN *vs.* HANS TRULSON.

Worcester. September 30, 1895. — October 17, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Mechanic's Lien — Statute — Amendment of Statement.*

If the petitioner to enforce a mechanic's lien, in filing his statement in the registry of deeds as required by statute, and in making his petition on which the hearing is had, alleges by a mistake that the contract under which he performed the labor for which the lien is claimed was made with the firm of H. & B., when in fact B. was not a partner and the contract was made with H. alone, the petition may be amended by striking out the name of B., and the error will not prove fatal to the claim.

PETITION, to enforce a mechanic's lien, under Pub. Sts. c. 191. Trial in the Superior Court, before *Aldrich*, J., who overruled the petitioner's motion to amend, and directed a verdict for the respondent; and the petitioner alleged exceptions, which were allowed by *Hopkins*, J. The facts appear in the opinion.

*M. M. Taylor*, for the petitioner.

*C. W. Wood & C. H. Wood*, for the respondent.

KNOWLTON, J. The petitioner in filing his statement in the registry of deeds, as required by the statute, for the purpose of preserving his lien, and in making his petition on which the hearing was had, alleged by a mistake that the contract under which he performed the labor for which he claimed the lien was made with the firm of Harris and Beford, when in fact Beford was not a partner, and the contract was made with Harris alone. The judge ruled that, if the petition were amended by striking out the name of Beford, the error in the statement would be fatal to his claim, and declined to allow the proposed amendment to the petition, not in the exercise of his discretion, but on the ground that such an amendment could do the petitioner no good. We think this ruling was erroneous. The Pub. Sts. c. 191, § 6, which require the filing of the statement, do not require that the particulars of the contract shall be set out except in those parts which are important in determining the rights of the parties, and the name of the person with whom the contract was made is not required to be stated. If it is stated, and if there is a mistake in it, innocently made, it does not affect the right of the petitioner to recover upon a petition which is correct in this particular.

Section 13 of this chapter of the Public Statutes provides that the petition shall contain a brief statement of the contract on which the petition is founded, with the amount due thereon. Under this section it may be necessary to set forth in the petition the name of the party with whom the contract was made. But the language differs materially from that of § 6.

Pub. Sts. c. 191, § 8, and St. 1892, c. 191, are intended to preserve the validity of the lien when the petitioner has made an innocent mistake in his statement in regard to any of the matters particularly specified which are required by the statute to be stated. It would be without warrant in the statute, and

contrary to the spirit of the law, to hold that an inaccuracy in stating a part of the contract not particularly required to be set out is fatal to the lien claimed. Practically, such a holding would often work great injustice, as apparently it would in the present case; for it is very proper to give the names of the contractors in the statement, and workmen often have no means of knowing the precise relations of the persons connected with the different departments of a business.

If the petitioner is permitted to amend his petition, the error in the statement will not preclude him from recovering.

*Exceptions sustained.*