## HOLLISTER D. DODGE *vs.* MARGARET H. HALL.

Suffolk. March 23, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Mechanic's Lien — Description of Land — Effect of Inaccuracy — Conveyance of Land during Continuance of Contract — Realty and Personalty — Identity of Boundary — Amendment of Petition.*

The sufficiency of the description of the land in a petition to enforce a mechanic's lien thereon is rightly left to the jury, and a description is sufficient which will enable one who is familiar with the locality to identify the land with reasonable certainty; and inaccuracies will not vitiate the lien if the land can be so identified.

Where a petition to enforce a mechanic's lien alleges, just preceding the description of the land, that the land was owned by A. and B. when the labor was fur-

nished, while it is an undisputed fact that they were never joint owners of the land, if this is treated as a matter of description, it is merely an inaccuracy which is not fatal.

If the labor for which a mechanic's lien is sought to be enforced is performed and furnished under a contract with the owner of the land when the contract is made, by the terms of which he employs the petitioner generally to perform and furnish the labor necessary for the construction of the house on the land, and promises to pay him a fair and reasonable price therefor, a conveyance of the land by the owner while the work is going on will not defeat the lien, but it will continue until all that is called for by the contract has been done.

The sills of a house rested on eighteen cedar posts driven from twenty-four to thirty inches into the ground and cut off about four feet above the ground, and were cornered and spiked together with wire nails about four inches in length, and were also fastened to the posts by long wire nails. The chimney was set eighteen inches into the ground and extended up through the house, which was not plastered to the chimney. There was no cellar under the house; and part only of the turf under the house was removed. *Held*, upon a petition to enforce a mechanic's lien, that the house was real estate.

The description of land, in a petition to enforce a mechanic's lien thereon, as bounded on G. Street, will be satisfied, to a reasonable intent, by proof that the street is known as G. Street, whether that is the true name of the street or not.

Under Pub. Sts. c. 191, § 20, it is within the power of the Superior Court to allow an amendment of a petition to enforce a mechanic's lien, by changing the allegation of a contract for labor and materials to one for labor only.

PETITION, to enforce a mechanic's lien, under Pub. Sts. c. 191. The petition alleged that, on or about July 16, 1894, the petitioner made a contract with Charles E. Hall, by the terms of which the petitioner was to build a house for Hall, who "promised to pay him what his labor performed and furnished and materials were worth"; that the petitioner had fully performed his part of the contract; that the land on which the house stands was, at the time of making the contract, owned by Hall, and when the labor and materials were performed and furnished by the petitioner the land was owned by Hall and the respondent; that the land was situated on Garfield Avenue, in Revere, and was bounded and described as follows: "Known as lot numbered 97 on plan on Sunnyside, near Pavilion Station, Revere Beach, owned by Revere Beach Land Company, recorded with Suffolk Deeds, Lib. 1579, and bounded northerly on Garfield Avenue forty (40) feet; easterly on lot numbered 96, eighty-three and $\frac{3}{10}$ (83.3) feet; southerly on land of Pratt heirs, forty and $\frac{30}{100}$ (40.30) feet; westerly on lot numbered 98 on said plan, seventy-eight and $\frac{35}{100}$ (78.35) feet; containing 3,233 square feet more or less, same premises conveyed by Everett H. Hadley,

by deed recorded said Deeds, Lib. 2219, page 71"; that after part of the labor was performed, Hall transferred the premises to his wife, the respondent, by deeds running from him to one Hadley, and from Hadley to her; and that, within thirty days after he ceased to labor and furnish labor on the building, the petitioner filed in the registry of deeds "a just and true account of the amount due him for labor performed and material and labor furnished, with all just credits given, together with a sufficient description of the premises." The account annexed to the petition contained items for labor only.

Trial in the Superior Court, before *Lilley,* J., who allowed a bill of exceptions, in substance as follows.

The petitioner put in evidence the report of an auditor, to whom the case had been referred, and rested. The auditor found that the petitioner, waiving any claim for material furnished, sought to enforce a lien for labor only; that one Colburn conveyed to Charles E. Hall, by deed dated May 15, 1894, a lot of land in Revere numbered 97, as shown on a plan recorded with Suffolk Deeds, Lib. 1579, fol. 311, and bounded in the deed forty feet on Garfield Avenue; that Hall conveyed the same lot "with the buildings thereon," by deed dated August 17, 1894, to Everett H. Hadley, who by deed of even date conveyed it "with the buildings thereon" to the respondent; that all of these deeds were recorded; that the part of the street or avenue on which lot 97 is situated was sometimes called Vine Street, although it was not so shown upon the recorded plan; that the description of the premises, both in the petition and in the statement, substantially followed the description in the deeds above mentioned; that the transfer of lot 97 from Hall through Hadley to the respondent was without notice to or the knowledge of the petitioner; that neither ever notified the petitioner of the transfer of title; that the respondent gave some directions to the petitioner about the work of constructing the house; that Hall exercised general supervision of the work on the house, both before and after August 17, 1894, and after that date gave written orders for material for the house; that prior to said date Hall had paid the petitioner certain sums of money on account; that Hall and the respondent had lived in the house since October, 1894; that the contract between the petitioner and Hall was an

oral one to perform and furnish the labor necessary to build the house, for which he was to receive a fair price ; that the sills of the house rested on eighteen cedar posts driven from twenty-four to thirty inches into the ground, and cut off three and one half to four feet above the ground ; that the sills were cornered and spiked together with round wire nails about four inches long; that the chimney was set about eighteen inches into the ground, and extended up through the house ; that there was no cellar under the house, and part only of the turf under the house was removed ; that the sills were fastened to the posts by thirty-penny wire nails, and the house was not plastered to the chimney ; and that if, as matter of law, the petitioner was entitled to enforce a lien upon the property, the amount for which such lien might be enforced was a sum stated.

The respondent offered evidence tending to show that the street upon which the house in question was built was not in fact Garfield Avenue, and was never known as Garfield Avenue, but was really Vine Street, and always known as Vine Street, and never otherwise ; and that Garfield Avenue was in fact about one thousand feet distant from and at a right angle with Vine Street ; and evidence in rebuttal was offered by the petitioner that the description in the petition was the same as in the respondent's deed ; and that the street was known as Garfield Avenue.

The respondent asked the judge to instruct the jury as follows : ·

" 1. No sufficient description of the alleged land attempted to be described therein is contained in the petition, as required by law, for the reason that the land cannot be identified by means of the description contained in the petition, without reference to the plan therein referred to, and the description cannot be so aided, and is insufficient and void."

This request was refused, the judge instructing the jury as follows : " If the description of the premises in the petition is such that it points out and indicates the premises, so that by applying the description to the land it can be found and identified, it is sufficient."

" 2. If the land attempted to be described in the statement and certificate was not, at the date of the statement and certificate, actually bounded northerly on Garfield Avenue, this peti-

tion cannot be maintained, and the respondent is entitled to a verdict on that issue."

With reference to this request, the judge instructed the jury as follows : " If the description in the statement was such that, taken as a whole, the lot could be reasonably recognized therefrom, it was sufficient.   It is required that the description be sufficiently accurate for the identification of the lot, and if it is, the provision of the statute is satisfied."

" 3.  No question being made at the trial by the petitioner as to the perfect honesty and good faith of the parties in respect to the conveyance by C. E. Hall to Hadley, and that by Hadley to respondent, no lien can be enforced in this proceeding for any labor performed or furnished prior to August 17, 1894."

This request was refused, the jury being instructed otherwise.

" 4.  The petitioner is not entitled to claim any lien for labor performed or furnished after August 17, 1894, for the reason that he has not offered any evidence which is competent to show that any privity of contract existed between himself and the respondent in respect thereto."

This was refused, and upon the subject of this and the preceding request the judge instructed the jury that the burden of proof was upon the petitioner to satisfy them that the labor in question, both before and after August 17, 1894, was performed and furnished by the petitioner under a contract between himself and Charles E. Hall, by the terms of which Hall employed him generally to perform and furnish the labor necessary for the construction of the house, and promised to pay him a fair and reasonable price for his labor so performed and furnished; and that, unless the petitioner sustained this burden the respondent was entitled to a verdict.

" 5.  Upon the facts found and stated by the auditor, the house was personal property."

This was refused, the jury being instructed that, if they found the facts as stated by the auditor, the house would be part of the realty, and would not be personal property ; that the petitioner was bound to prove that the house was attached to and formed part of the land on which it stood; that the house was part and parcel of the real estate at the time when he performed and furnished labor, and that the burden of proof was on the petitioner

on this issue; and that, if the house was personal property, the petitioner would not be entitled to a lien, but would be so entitled if the house was part of the realty, and if he had proved the other elements of his case.

" 6. The burden of proof is on the petitioner to show that the lot of land was, at the date of his statement and certificate, actually bounded northerly on Garfield Avenue." This was refused.

As the evidence for the petitioner (the auditor's report) tended to show that the contract was for labor only, and not for labor and materials, as alleged in the petition, the respondent asked the judge to rule that this constituted a fatal variance. The petitioner thereupon asked leave to amend the petition. The respondent then asked the judge to rule that it was not within his discretion to allow the petition to be amended by setting forth a different contract from that originally set forth therein. This request was refused, and the amendment was allowed; and to this order, and to the several refusals to rule and rulings given, the respondent excepted.

Upon certain issues submitted to them, the jury found in favor of the petitioner; and the respondent alleged exceptions.

*J. F. Pickering,* (*J. W. Pickering* with him,) for the respondent.
*H. L. Whittlesey,* for the petitioner.

ALLEN, J. The sufficiency of the description of the land was rightly left to the jury. A description is sufficient which will enable one who is familiar with the locality to identify the land with reasonable certainty; and inaccuracies will not vitiate the lien, if the land can be so identified. St. 1892, c. 191. *Cleverly* v. *Moseley,* 148 Mass. 280. Phillips, Mechanic's Liens, §§ 379, 383, and cases there cited. Under proper instructions, the jury must have found the description to be sufficient, and we cannot say that they were wrong.

The respondent contends that it is a part of the petitioner's description, that the lot of land was owned by Charles E. Hall and Margaret H. Hall at the time when the labor was furnished, while it is an undisputed fact that they were never joint owners of the land. If this is treated as a matter of description, it is merely an inaccuracy, which is not fatal.

The respondent further contends that the petitioner has no

claim against her, and no lien upon her property, and that his claim is only against Charles E. Hall and his property. The land was owned by Charles E. Hall until August 17, 1894, and under the instructions by the court, the jury must have found that the labor, both before and after August 17, was performed and furnished by the petitioner under a contract with Hall, by the terms of which Hall employed him generally to perform and furnish the labor necessary for the construction of the house, and promised to pay him a fair and reasonable price therefor. . If work is done under such a contract made with the owner, a conveyance by him while the work is going on will not defeat the lien. *Gale* v. *Blaikie*, 126 Mass. 274. The lien continues till all that is called for by the contract has been done.

Upon the facts found by the auditor, the house was real estate. *McIver* v. *Estabrook*, 134 Mass. 550. *Westgate* v. *Wixon*, 128 Mass. 304. *Madigan* v. *McCarthy*, 108 Mass. 376.

The court rightly refused to instruct the jury that the burden of proof was on the petitioner to show that the lot of land was actually bounded northerly on Garfield Avenue. The way this question arose was as follows. The description in the petition bounded the lot northerly on Garfield Avenue forty feet. The respondent offered evidence to show that the street was not in fact Garfield Avenue, and was never known by that name, but was really Vine Street, and always known as Vine Street, and never otherwise. To meet this, the petitioner offered evidence that it was known as Garfield Avenue. The description would be satisfied, to a reasonable intent, by proof that the street was known as Garfield Avenue, whether that was the true name of the street or not.

It was competent to allow the amendment of the petition. Pub. Sts. c. 191, § 20. *Brosnan* v. *Trulson*, 164 Mass. 410.

*Exceptions overruled.*