## THEODORE H. BUCK *vs.* MARGARET H. HALL.

Suffolk.   January 14, 1898. — February 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Auditor's Report — Trial — Description of Land — Formal Objection — Conveyance of Land during Continuance of Contract — Finding of Auditor — Waste Material — Instructions.*

A petition to enforce a mechanic's lien had been referred to an auditor, who made his report, whereupon issues were framed to be tried by a jury, and then the case was recommitted to the auditor with instructions to hear the parties and make report to the court as to all questions raised between them under such issues.  The auditor afterwards made a new report, which in form was complete in itself and not merely supplemental to the original report.  The first nine paragraphs contained a general statement of the case, with findings relevant to questions presented by the pleadings, but not included within the issues framed for the jury, unless within one, namely, " Is the petitioner entitled to maintain a lien ? "   At the trial the respondent objected to having these paragraphs laid before the jury, but the judge allowed the whole report to be put in evidence.  *Held,* that no error appeared.

If in the description of the land in a petition to enforce a mechanic's lien the northern and southern boundaries are given, and the length of the northern, southern, eastern, and western lines, as well as the whole number of feet contained in the lot, and it also sufficiently appears that the lot is rectangular, or nearly so, it does not appear that the lot cannot be identified without reference to the plan of it.

An objection to the sufficiency of the description of the land in a petition to enforce a mechanic's lien must be taken by demurrer, and the particulars of the alleged defect pointed out.

If the materials for which a mechanic's lien is sought to be enforced are furnished under a contract with the owner of the land when the contract is made, by the terms of which the petitioner is to furnish such materials as shall be required in the construction of the house, a conveyance of the land by the owner while the work is going on will not defeat the lien, but it will continue until all that is called for by the contract has been done.

The finding of an auditor, to whom a petition to enforce a mechanic's lien has been referred, that " the petitioner in his statement filed in the registry of deeds made a just and true statement of the amount due him for materials furnished and used in the erection of said house (which includes necessary waste), with certain exceptions," does not show *prima facie* that the petitioner's statement was not just and true.

An instruction to the jury, at the trial of a petition to enforce a mechanic's lien, that " the petitioner is not entitled to any lien for materials furnished by him which were not actually incorporated in the building, he is not entitled to claim a lien for that portion of any materials furnished by him which was wasted, otherwise than as would be properly incident to the preparation of the materials for the construction of the house, and through being wrought into the house, or

which were thrown away or rejected as useless or needless in erecting the building, and the burden of proof is on the petitioner to show that the materials were furnished by him as alleged in his petition, and that such materials were substantially actually used in the construction of the house," is sufficient and correct.

At the trial of a petition to enforce a mechanic's lien, which has been referred to an auditor, the judge is not required, in his instructions to the jury, to rule upon the effect of findings or omissions in the auditor's report, there being other evidence upon the several issues in the case.

PETITION, under Pub. Sts. c. 191, to enforce a mechanic's lien for materials furnished in the construction of a house in Revere, under a contract with Charles E. Hall, who then owned the land; to furnish such materials as should be required in such construction. At the trial in the Superior Court, before *Lilley*, J., the jury found in favor of the petitioner upon certain issues submitted to them; and the respondent alleged exceptions, which appear in the opinion.

*J. W. Pickering*, for the respondent.

*W. D. Buck*, for the petitioner.

ALLEN, J. This case had already been referred to an auditor, who had made a report, whereupon issues were framed by the court to be tried by a jury, and then the case was recommitted to the auditor with instructions to hear the parties and make report to the court as to all questions raised between them under said issues. The auditor afterwards made a new report, which was put in evidence before the jury. In form it is complete in itself, and not merely a supplement to the original report, and the original report is not before us. The first nine paragraphs of the new report contain a general statement of the case, with findings relevant to questions presented by the pleadings, but not included within the issues framed for the jury, unless within the last issue, "Is the petitioner entitled to maintain a lien?" etc. At the trial before the jury, the respondent objected to having these nine paragraphs laid before the jury. We find nothing objectionable in them, as they were all proper to enable the jury to understand the case. The recommitment to the auditor probably was for the purpose of having him make findings in addition to those embraced in his first report, and the first report may have included all the matters contained in these paragraphs. However this may have been, we see no error in the course pursued by the court.

The respondent asked for an instruction to the jury, that no sufficient description of the land is contained in the petition, for the reason that the land could not be identified without the plan, and that a description of land cannot be so aided. This objection relates merely to the matter of pleading, and it is probably founded on the doctrine that, when lands are demanded, the description must be certain without reference to any description *dehors* the writ, and that a defect therein cannot be cured by a reference to a deed on record. *Atwood* v. *Atwood*, 22 Pick. 283. If this doctrine is applicable to a petition to establish a lien, it would still be difficult to say that the description is insufficient. The northern and southern boundaries are given, and the length of the northern, southern, eastern, and western lines, as well as the whole number of feet contained in the lot. It also sufficiently appears that the lot is rectangular, or nearly so. It might well be that the lot could be identified without reference to the plan. *Dodge* v. *Hall*, 168 Mass. 435.

But on another ground this request for an instruction was rightly refused. The objection to the description was merely formal, and should have been taken by demurrer, and the particulars of the alleged defect pointed out; and in that case an amendment might have been allowed. Pub. Sts. c. 167, §§ 12, 42. *Goulding* v. *Smith*, 114 Mass. 487. *Huntress* v. *Burbank*, 111 Mass. 213. *Witt* v. *Potter*, 125 Mass. 360. *Carnig* v. *Carr*, 167 Mass. 544.

The respondent objected that there could be no lien for materials furnished before the date of the conveyance to her, or for materials furnished after that date. The only distinction between this objection and that taken and overruled in *Dodge* v. *Hall*, 168 Mass. 435, is that the present petitioner furnished materials, while the petitioner in that case furnished labor. The objection is untenable. *Gale* v. *Blaikie*, 126 Mass. 274.

The auditor, amongst other things, found that " the petitioner in his statement filed in the registry of deeds made a just and true statement of the amount due him for materials furnished and used in the erection of said house (which includes necessary waste)," with certain exceptions. The respondent asked for a ruling that this finding shows *prima facie* that the petitioner's statement was not just and true. This was rightly refused.

There is no such rule of law. Moreover, the auditor's report was not the only evidence, and it was not necessary for the court, in the instructions to the jury, to single it out, and rule upon its effect when taken alone. The instructions given in respect to waste material were sufficient, and carefully guarded the respondent's rights.*

The other requests were for rulings upon the effect of findings or omissions in the auditor's report, and they were rightly refused, as there. was other evidence upon the several issues in the case, which is not given in the bill of exceptions.

*Exceptions overruled.*

---

* These instructions were as follows: "The petitioner is not entitled to any lien for materials furnished by him which were not actually incorporated in the building; he is not entitled to claim a lien for that portion of any materials furnished by him which was wasted, otherwise than as would be properly incident to the preparation of the materials for the construction of the house, and through being wrought into the house, or which were thrown away or rejected as useless or needless in erecting the building; and the burden of proof is on the petitioner to show, first, that the materials were furnished by him as alleged in his petition, and secondly, that such materials, so furnished by him, were substantially actually used in the construction of the house, and thirdly, for what sum, if any, the petitioner ought to maintain a lien."