*Case remitted for new trial.*

---

Rufus H. Orne & another *vs.* William N. Barstow.

Middlesex.    November 23, 24, 1899. — January 5, 1900.

Present: Holmes, C. J., Morton, Barker, Hammond, & Loring, JJ.

*Mechanic's Lien — Time of Filing Statement of Lien — Certificate and Conduct of Register of Deeds.*

A person went to the registry of deeds with a statement of a mechanic's lien to be filed, within one hour after the usual time for closing the office on Saturday afternoon, which was the last day of the time allowed for filing such statements by Pub. Sts. c. 191, § 6.   He got into the office after it was closed, tendered the

statement and the fee to the register, who was there, but refused to receive it. By the register's suggestion, he put the statement and fee into an envelope which the register gave him, went outside of the office and pushed the envelope under the closed door, through the glass panel of which he was watched by a clerk. The envelope was on the register's desk on Monday morning, and the statement was marked as filed on that day. *Held*, that the statement was filed on Saturday afternoon.

*It seems*, that the certificate of a register of deeds is conclusive as to the time of filing an instrument, but may be amended by him.

PETITION to enforce a mechanic's lien, under Pub. Sts. c. 191. Trial in the Superior Court, without a jury, before *Dewey*, J., who ordered that the petition be dismissed; and the petitioners alleged exceptions. The facts appear in the opinion.

*J. J. Higgins*, for the petitioners.

*H. D. Moore & G. E. Jacobs*, for the respondent.

HOLMES, C. J. This is a petition to enforce a mechanic's lien. At the trial the copy of the statement put in evidence by the petitioners bore the indorsement "A copy of mechanic's lien, filed with Middlesex So. District Registry of Deeds, Feb. 14, 1898, at 8 h. 0 m. A. M. Recorded book 2633, page 521. Attest: Thos. Leighton Jr. Ass't Register." It is agreed that this was not within the thirty days allowed for filing such statements by Pub. Sts. c. 191, § 6, but evidence was admitted which showed the following facts. The office hours of the registry on Saturdays were from 8 A. M. to 1 P. M. On Saturday, February 12, which was within the thirty days, between half past one and two, P. M., the petitioners' attorney, having got into the office after it was closed, tendered the statement and the fee to the register, who was there but refused to receive it. By the register's suggestion the attorney thereupon put the statement and fee into an envelope which the register gave him, was escorted to the door by a clerk, and after the door was closed pushed the envelope under the door. He was watched through a glass panel by the clerk, and the fair inference is that the clerk took the envelope, which was on the register's desk on Monday morning. The court ruled not only that the certificate of the register as to the time of filing was conclusive, but also that what was done by the attorney did not amount to a filing; and the case is here on exceptions.

There is no doubt that the register's certificate was evidence, if

not conclusive evidence, of the time of filing. *Wood* v. *Simons*, 110 Mass. 116. *Fuller* v. *Cunningham*, 105 Mass. 442. The statement was left for record. Pub. Sts. c. 191, § 7. The register was required to note the time of reception, and every instrument is considered as recorded at the time so noted. Pub. Sts. c. 24, § 15. The register is also to certify the time upon the instrument. Pub. Sts. c. 24, § 21. We do not think that the statutes mean to distinguish between receiving, recording, and filing, so far as this case is concerned. We perceive no inconsistency in principle with these general provisions in Pub. Sts. c. 147, § 12, and c. 192, § 4, by which certain instruments are to be considered as recorded at the time when left for the purpose in the clerk's office. It is assumed that the time of leaving and the time noted are the same, or, in other words, that the clerk will note the true time. But the last named sections refer to different instruments and to city or town clerks, and do not affect the present case. Neither do we see anything adverse to the conclusiveness of the register's certificate in decisions that a court is not prevented by its own record, which it has power to correct if erroneous, from looking into the facts as to when a petition was filed. *Goulding* v. *Smith*, 114 Mass. 487, 489. *Clemens Electrical Manuf. Co.* v. *Walton*, 168 Mass. 304.

But in the case at bar the parties very properly avoided raising a question as to the conduct of a register who meant to do his duty (*Tracy* v. *Jenks*, 15 Pick. 465, 468,) by going into the facts, and the judge ruled upon them irrespective of the question whether the certificate was conclusive as it stood. If the judge had ruled that the facts did amount to a filing, and the ruling had been accepted by the parties, undoubtedly the register would have amended his certificate so as to avoid concluding the petitioners under the other ruling of the judge. At least there was such a possibility that the register might amend that we cannot treat the ruling as immaterial on the ground that, however the facts might be, the petitioners could not contradict the register's certificate as to the time. It was not argued that the register would not have power to amend under the same conditions as those on which other officers may amend records. See *Baldwin* v. *Marshall*, 2 Humph. 116 ; *Sellers* v. *Sellers*, 98 N. C. 13, 18, 19.

We are of opinion that, on the facts proved, the statement was filed on Saturday afternoon. We shall go no further in our decision than this case requires. We shall not undertake to decide whether the register had a right, under Pub. Sts. c. 24, § 12, to close his office as early as he did, so far as to exonerate himself from liability had some one come to the office and found it empty. But he was there. With his knowledge and assent the instrument was left within the enclosure of the office or its approach, for the purpose of being recorded. It was taken into his custody by his servants or agents. He undertook to refuse legal effect to the deposit, it is true, but in our opinion that was beyond his power. It was the petitioners' right, if they found the register in his office on a week day and during daylight, to insist on their statement being filed forthwith, and it is no answer to say that the register might have been absent without liability under the law. As the petitioners did all that they could do, or were bound to do, the register's conduct did not affect their rights. See *Sykes* v. *Keating*, 118 Mass. 517, 519; *Watkins* v. *Bugge*, 56 Neb. 615; *Dodge* v. *Potter*, 18 Barb. 193, 202.                                    *Exceptions sustained.*