(Court of Appeal, Parish of Orleans.)

## P. A. McILHENNY VS. THE PULLMAN COMPANY.

1 .Sleeping car companies are neither carriers nor innkeepers, their only obligation, where the passenger keeps his baggage in his own custody and control, is that of exercising reasonable care, and they are liable only when the loss is due to the negligence or misconduct of their servants and agents.

2. The mere proof of the loss by a passenger, while occupying a berth does not make out a prima facie case and, to sustain a recovery some evidence of negligence on the part of the defendant must be given.

Appeal from Civil District Court, Division "D."

Howe, Fenner, Spencer & Cocke, Plaintiff and Appellant.

Boatner & Manion, Defendant and Appellee.

DUFOUR, J.    This is a suit to recover the value of a valise and its contents alleged to have been lost by the plaintiff through the negligence of the employees of the defendant company.

The facts surrounding the occurence are derived exclusively from the testimony of the plaintiff, who was the only witness in the case.

On a journey from New Orleans, to Washington, plaintiff bought a ticket for a berth on the sleeper "Spartanburg."

Upon reaching the train, the plaintiff instructed the porter to place his luggage near his berth, which was done, and, there being a lady occupying the section at the time, the plaintiff went to the smoking compartment of the car.

He remained there a few minutes, went back to put a magazine in his satchel and returning to the smoking room, remained there until a friend of his, having gotten off the car at Bay St. Louis, the train had reached Pass Christian, these being the only stations at which stops had been made.

One passenger left at Bay St. Louis and none at Pass Christian.

The plaintiff then returned to his section and found his berth made up, he did not see his satchel then but concluded it had been put under his berth and made no inquiry about it.    About

seven o'clock the next morning, when the train had left Montgomery, he looked for his valise and could not find it. The porter and conductor were summoned and, with him went through the car to look for it, but without result, and the valise has never been found.

In the course of an argumentative recital in the petition various theories are suggested in the alternative as the probable cause of the loss, thus it is said that the porter may have moved the missing article with the luggage of the lady who for a while occupied the section, or that it was taken by the porter who left the train at Montgomery, or that some other person might have stolen it while the passenger was asleep, owing to a want of care on the part of those in charge of the car.

These are mere inferences and are equivalent to the assumption that the mere loss of the thing is evidence of negligence on the part of the car servant.

There is no evidence whatsoever of any act of negligence on the part of the porter, and, according to plaintiff's own statement, it is not clear that he was reasonably diligent, and he does not show whether his valise was lost while he was awake or after he had gone to sleep.

The defendant offered no evidence, being evidently of the view that no *Prima facie* case had been made out against it. The general rule of law is that where a party has certain evidence in his power and does not produce it, he thereby casts suspicion upon his case. But this does not obtain when as in this case, the defendant produces in court and tenders to plaintiff for examination, all of the employees in charge of the car at the time of the loss.

In the case of Whuter vs. R. R. Co., 126 Mass. 275, the Supreme Judicial Court of Massachusetts, after examining and citing numerous cases, announced as correct doctrine in cases of this character the following:

"The principles of law which govern these cases we consider to be well settled. In the first place, neither a railroad company, a steamboat company, a sleeping car company, nor a palace car company owes to a passenger in regard to baggage the duty imposed by law on carriers or inn-keepers, where the passenger keeps the baggage in his own custody and control. The only obligation imposed upon them is that of exercising reasonable care and they are liable only when the loss is due

to the negligence or misconduct of its servants and agents.
\* \* \* It is obvious that a higher decree of care is required
during the night, when the passenger is asleep, than is required
in the daytime when he can look after his own effects. \* \* \*
It is also well established that the mere loss of an article is not
evidence of negligence on the part of the defendant."

In Carpenter vs. R. R. Co., 124 N. Y. 53, the Court of Appeals said:

"The mere proof of the loss of the money by a passenger
whilst occupying a berth does not make out a *prima facie* case,
and, to sustain a recovery, some evidence of negligence on the
part of the defendant must be given."

The foregoing doctrine appears to have met with acceptance
by the Courts of all the States except Georgia and Nebraska.

The cases cited by plaintiff arose under a state of facts not
analogous to those now presented.

In Michaloffski vs. Car Co., No. 1420 of our docket, which,
so far as we know, is the only case on this point presented to any
Appellate Court in this State, we found that "the watch was not
proper" and held the company liable.

Hence, the discussion of the doctrine of *res ipsa loquitur* in
the concurring opinion in that case of the writer of the present
was unnecessary and a pure *obiter dictum*.

We deem it proper to adopt as the rule in Louisiana that which
is supported by the strong current of authority throughout the
country.

The judgment dismissing plaintiff's demand is correct. Judgment affirmed.