Dawley, J.
The defendants have appealed from the motion judge’s denial of their application for an order to discharge a mechanic’s lien filed by National Lumber Company (“National”). The motion judge, acting on a joint request by the parties, reported her ruling for determination by the Appellate Division. See Mass. R. Civ. P., Rule 64(b); Dist./Mun. Cts. R. A. D. A., Rule 5; and G.L.c. 231, §108. The defendants sought to dissolve National’s mechanic’s lien, contending that National failed to strictly comply with the recording provision prescribed by c. 254, §5. National argued that it complied with the statute by delivering an attested copy of its complaint to the Norfolk County Registry of Deeds (“Registry”) within the statutory time period and that the Registry’s failure to timely record the complaint should not result in the discharge of its mechanic’s lien. The motion judge correctly denied the defendant’s motion.
In late 2001, the defendants, who were doing business as JAG Builders, estab *51 lished a credit line for the purchase of lumber and building materials from National. On March 11, 2002, defendants and National specifically contracted for lumber and building materials to be used in construction work at a site in Walpole. Defendants left an unpaid balance of $15,788.65 for materials delivered by National between April and August of 2002. To secure payment for the lumber and building materials, National secured a mechanic’s lien against the property in accordance with c. 254, §4.
In order to secure a mechanic’s lien for labor or goods supplied to a general contractor on a construction project, compliance with the provisions outlined in c. 254, §4 is essential.[1] In this instance, National complied with each of the required steps. On September 25, 2002, National filed a notice of contract against the Walpole site with the Registry. As required by §4, National provided actual notice to the owners of the Walpole site of its recording of the notice. On November 16, 2002, the Registry recorded National’s sworn statement of claim. On November 26,2002, National filed a complaint to enforce its mechanic’s lien. On December 3, 2002, National sent an attested copy of the complaint to the Registry, by Federal Express, along with the appropriate filing fee. The Registry received the attested copy of the complaint on December 4, 2002. The property owners were also served with process on December 4, 2002. The Registry, however, did not enter the attested copy of the complaint in its record until January 9,2003.
At issue is whether National complied with the final requirement that it record an attested copy of the complaint to enforce the lien at the applicable Registry of Deeds under c. 254, §5. The relevant provision of §5 states that “an attested copy of the complaint... shall be filed in the Registry of Deeds and recorded as provided in section nine within thirty days of the commencement of the action, or such lien shall be dissolved.” National filed a complaint to enforce its mechanic’s lien against the property on November 26, 2002. It is undisputed that on December 2, 2002, National sent by Federal Express an original attested copy of the complaint (with the requisite filing fee) to the Registry for filing. This delivery was made at 9:57 a.m. on December 4, 2002. It is also undisputed that the Registry failed to enter the attested copy of the complaint in its record until January 9, 2003, some fourteen (14) days beyond the *52 statutorily permitted time period. In affidavits presented to the motion judge, the First Assistant Registrar acknowledged receipt of National’s filing on December 4, 2002, but stated that due to a “significant increase in the volume of activity and a significant reduction in personnel ... there were numerous delays in the recordation of documentation.”
National complied with all of its statutory obligations and had neither the duty nor ability to actually “record” documents with the Registry. National did everything it was required to do by statute to perfect the mechanic’s lien. To suggest, as the defendant does, that National should have appeared in person at the Registry or followed up the filing by placing a telephone call to the Registry is unreasonable and would place an unfair burden on National or any other lien claimants. See Attorney Gen. v. School Comm. of Essex, 387 Mass. 326, 336 (1982) (literal construction of statute should not be adopted if the consequences of such a construction would be absurd or unreasonable). The failure to record the complaint rests entirely with the Registry, whose ministerial function is to record documents. See S & H Petroleum Corp. v. Register of Deeds for the County of Bristol, 46 Mass. App. Ct. 535, 537 (1999). G.L.c. 36, §14 provides in relevant part:
Each register shall keep a book, each page of which shall be divided in six columns, with the following headings: Date of reception; Grantors; Grantees; Town where land lies; To whom delivered after being record; and Fees received ... every deed or instrument shall be considered as recorded at the time so noted. Papers received for record outside the hours fixed under section eleven shall be entered as of the minute of the next succeeding business hour.
In addition, c. 36, §26 states that the Register:
shall, within twenty-four hours after a deed or other instrument which he is by law required to record has been left for record, cause the name of each grantor, grantee or other party thereto to be entered at length and alphabetically in the appropriate index, and in the appropriate column, if any, the name of the town where the land described in the instrument lies, if the same is therein disclosed. Within a reasonable time such instrument has been recorded, he shall affix to such entry the number of the book and leaf or page where recorded.
Moreover, the legal obligation of the Register is referenced in the mechanic’s lien statute. See c. 254, §30 (“all liens for labor and notices of contract, and instruments pertaining thereto, filed as provided by in this chapter, shall be recorded by the registry of deeds...”)
To conclude that National did not strictly comply with §5 because it did not timely “record” the attested copy of the complaint would be unfair and inconsistent with the remedial purposes of the mechanic’s lien statute. See National Lumber Co. v. United Casualty and Surety Insurance Co., 440 Mass. 723, 726-727 (2004) (“the primary purpose of the lien is to provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner’s real estate.”). In Ore v. Barstow, 175 Mass. 193, 196 (1900) (Holmes, J.), the Supreme Judicial Court held that a mechanic’s lien was timely recorded even though the Register recorded the statement after the statutory time period when the lien claimant timely presented the statement to the Register for recording and the Register acknowledged receipt of the statement within the statutory time period. “As the petitioners did all they could do, or were bound to do, the register’s conduct did not affect their rights.” Id. at 196. See also King v. King, 9 Mass. App. Ct. 919, 920 (1980) (“human fallibility is bound to account for *53 some instruments either being never transcribed, or transcribed in a wrong book. Some courts stress the fact that the recording grantee has done all that he can do, and give him the benefit of recordation in these circumstances.”)
Accordingly, the order of the motion judge denying defendant’s motion to dissolve the mechanic’s lien is affirmed.

 In order to enforce a mechanic’s lien under c. 254, the following steps are required: (a.) there must be a written agreement by which a subcontractor or supplier performs or furnishes labor and/or materials for use in the construction project at the affected property (section 4); (b.) a Notice of Contract must be filed or recorded with the Registry of Deeds or the Registry District of the Land Court (“Registry”) for the county in which the affected property lies within ninety (90) days from the date the general contractor last furnished or provided labor and/or materials for the construction project at the affected property (section four); (c.) the property owner must receive actual notice of the subcontractor’s filing or recording of the Notice of Contracts (section four); (d.) a Sworn Statement of Claim must be filed or recorded with the Registry within one hundred and twenty (120) days of the last date that the general contractor performed or furnished labor and/or materials at the project at the affected property (section 8); (e.) a civil action to enforce the mechanic’s lien must be filed in either the superior court in the county in which the affected property lies or in the district court for the judicial district in which the affected properly lies within ninety (90) days of filing or recording the Sworn Statements of Claim (sections 5 and 11); and (f.) an attested copy of the complaint shall be filed and recorded with the Registry within thirty (30) days of the commencement of the aforesaid civil action (section 5). See East Coast Steel Erectors v. Ciolfi, 417 Mass. 602, 605 (1994).